8475

STATE v. MARTIN.

1. CHARGE.—It is not a violation of the constitutional inhibition of
   charging on the facts, for the trial Judge to assume as a fact any
   thing admitted or proved beyond dispute.

2. EVIDENCE—RES GESTAE.—A CONVERSATION between the defendant in
   a homicide case and the witness a few minutes after shooting another
   is competent as part of the *res gestae*, as elucidating whether the
   shooting was done in sudden heat or passion, malice or self-defense.

Before ERNEST GARY, J., Richland, June, 1912. Affirmed.

Indictment against William F. Martin for murder. He
appeals.

*Messrs. Christie Benet* and *R. H. Welch,* for appellant,
cite: *As to evidence of declarations after the shooting:* 61
L. R. A. 495. *Error to state to jury that Martin had killed*

*Harris:* 85 S. C. 268; 31 S. C. 235; 15 S. C. 392; 28 S. C. 225; 47 S. C. 513; 51 S. C. 459.

*Solicitor W. Hampton Cobb,* contra.

March 19, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted of the crime of manslaughter in shooting to death James F. Harris. The appeal raises only two points: First, was the Circuit Judge in error in assuming in his charge that the defendant fired the fatal shot; and, second, was the testimony of the witness, S. J. Goodson, as to the action and behavior of the defendant after the shot had been fired properly admitted as part of the *res gestae?*

The undisputed evidence showed these facts: The deceased, Harris, and several others were playing cards and drinking in a room in the boarding house kept by one Corey. The defendant and the witness, D. M. Dinsdale, came into the room together, and immediately a quarrel ensued between the defendant and the deceased, which was provoked by the deceased using most opprobrious epithets to the defendant.

The witnesses for the defense testified that the deceased attempted to strike the defendant with a chair, and that the defendant had retreated to the wall when the fatal shot was fired. There was no issue made by the evidence as to the person who fired the shot. Mike Berry, a witness for the State, testified directly that the defendant shot the deceased. No other persons in the room had any quarrel, or made any hostile demonstrations, and the defendant's witness, Beach, testified: "At the time the shot was fired, I did not know who fired the shot; I heard the shot fired; I went toward the door and got to the door, when I turned around I saw Mr. Martin at the hall door with a gun in his hand, and Harris was just sitting down in the

chair I had vacated." It is not a violation of the Constitution for the trial Judge to assume as a fact that which was admitted or proved beyond dispute by the witnesses on both sides. *State* v. *DuRant*, 87 S. C. 532, 70 S. E. 306.

The second point is equally untenable. The following extract from the record indicates the evidence objected to: "Did you see any one doing the shooting? No, sir. Just after the shot? We all got up. Whom did you see, if any one? Mr. Martin. He had walked around the corner like that (indicating). We all got up from behind the chairs. What was Mr. Harris doing? Standing up to the right of me. What did Mr. Martin say or do when he walked in the corner? He flashed his gun around and said don't none of you move. How long did he stay in that attitude? Something like five or ten minutes. What did you all do? I stepped behind the chair that way (indicating). I reached hold of the knob of the door to open the door, and he flashed his gun on me— Mr. Benet: We object; this is five or ten minutes after the shooting. The Solicitor: Any conversation occurring in that room ten minutes after the shooting is competent. The Court: I think that is a part of the *res gestae*. I think it competent. Note exception. The Solicitor: You are certain about the time? No, sir; might have been less; might have been more than two minutes or more; I got my hand on the knob of the door and he flashed the gun on me; he says, 'Don't you move; I will blow your heart out;' I said, 'Partner, forget it;' I was opening the door all the time I was talking; I said, 'Forget it; I want a drink of water.' I opened the door, went to my room and got the drink of water." The language and behavior of the defendant, at the time of the shooting, or immediately afterwards, showing his attitude of aggression or of regret, clearly tended to enlighten the jury on the issue, as to whether the shooting was done with malice, or in heat and passion, or in self-defense.

"'To make declarations admissible as a part of the *res gestae,* they must be contemporaneous with the main fact; but in order to be contemporaneous, they are not required to be concurrent in point of time. If the declarations spring out of the transaction, if they elucidate it, if they are voluntary and spontaneous, and if they are made at a time so near to it as to reasonably preclude the idea of deliberate design, they are then to be regarded as contemporaneous." *State* v. *Belcher,* 13 S. C. 459; *State* v. *Arnold,* 47 S. C. 9, 74 S. E. 26; *State* v. *McDaniel,* 68 S. C. 304, 47 S. E. 384.

Affirmed.