14471

EUDY v. ATLANTIC GREYHOUND LINES, INC., *ET AL.*
NEAL v. SAME

(191 S. E., 85)

May, 1935.

*Messrs. Tobias & Turner* and *McDonald, Macaulay & McDonald,* for appellants,

*Messrs. Hamilton, Gaston & Hamilton,* for respondent,

April 26, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

These cases, J. N. Eudy, plaintiff, against the defendants, Atlantic Greyhound Lines, Inc., and American Fidelity & Casualty Company, of Richmond, Va., and Morris Neal, plaintiff, against the same defendants, were commenced in the Court of Common Pleas for Chester County, February 25, 1936. Each action was instituted for the purpose of recovering the sum of $3,000.00, on account of injuries alleged to have been received by each of the plaintiffs on

or about December 23, within the city limits of the town of Winnsboro, S. C., resulting from a collision between an automobile in which the plaintiffs were riding and a large bus owned and operated by the defendant, Atlantic Greyhound Lines, Inc. According to the allegations, the said American Fidelity & Casualty Company was made a party defendant on account of the fact that said insurance company was surety for Atlantic Greyhound Lines, Inc., or had filed a bond of indemnity with the Public Service Commission pursuant to requirement of the law of this State so as to permit its codefendant to operate as a common carrier. The complaints in each case are practically the same, except in the case of J. N. Eudy it is observed that he asked for the recovery of the additional sum of $350.00 for damages done to the automobile in question in said collision, alleging that he, J. N. Eudy, owned the same.

According to the agreed statement set forth in the record, it is admitted that said bus company was at the time of the collision referred to, and is, operating as a common carrier in this State, and it is also admitted that the defendant, the said American Fidelity & Casualty Company, is a proper party to the actions by reason of its having its bond with the Public Service Commission on behalf of its co-defendant as required by statute. It is also admitted that at the time of the collision in question the plaintiffs named in the actions were in the employment of the Home Stores, a corporation, and that they were en route to Columbia from Great Falls, S. C., on business of their employer, and it is also admitted that the said automobile in which they were riding was owned by the plaintiff, J. N. Eudy, but was being driven by the plaintiff, Morris Neal. The defendants denied all liability.

In view of the statement made, we deem it unnecessary to quote any part of the pleadings.

The cases were tried at the May, 1936, term of said Court before his Honor, Judge A. L. Gaston, and a jury, and by

agreement of counsel the cases were tried together, resulting in a verdict for the plaintiff, in each case, against the defendants, in the sum of $2,500.00. Defendants' motion for a new trial being abandoned by counsel for defendants, and marked overruled by the trial Judge, judgment for the plaintiff in each case was duly entered for the amount of the verdict. Thereafter, in due time the defendants served notice of intention to appeal to this Court from the judgment in the lower Court. The allegations of error are set forth under three exceptions, and the brief of the defendants state the questions involved in the appeal as follows:

"1. Error in admission of testimony as to alleged statements made by the driver of defendant's bus in response to inquiry made after the collision.

"2. Error in rejection of testimony offered by defendants as to compensation which plaintiffs were entitled to under the Workmen's Compensation Act.

"3. Error in rejection of testimony offered by defendant Atlantic Greyhound Lines, as to certain rules promulgated by it for their employees."

In our consideration of the first question we quote herewith the exception giving rise to the question: "1. That it is respectfully submitted that his Honor erred in permitting the witnesses, W. D. Hogan and W. B. Dickie, over the objection of defendant to testify that they heard the driver of the bus, some five minutes after the time of the collision, state to the Chief of Police that subsequent to the collision the bus had been moved in order to allow traffic to pass, the error being that such statements were not part of the *res gestae,* nor made within the scope of the driver's agency."

For a clear understanding of the question raised, we think it well in this connection to quote from the record, show the testimony, and the ruling made by the trial Judge, to wit (quoting from the testimony of Mr. W. D. Hogan):

"Q. Did you happen to be, Mr. Hogan, at the scene of this wreck, any time before or after it occurred? A. I was there within five or six minutes after it happened.

"Q. Where had you been? A. I had been down to Georgia for the week-end, and coming back through Winnsboro.

"Q. Will you please state the position of the cars at the time you saw them, please? Will you come and show where they were at the time you saw them? A. The position of the bus, was over at the curb, on his right-hand side of the road, you see; and this car was about four or five feet in front of the bus. The reason this bus was over there—

"Mr. Turner: Wait one minute.

"Q. (Witness returning to stand) Did or did you not hear the bus driver make any statement, did you? A. I did.

Q. What did he say? A. I heard him tell Chief Lyles—

"Mr. McDonald: May it please your Honor, we don't think any statement made by the bus driver will be competent at this time. Counsel may ask him about it, but I don't think that would be part of the *res gestae;* and I don't think it would be within the scope of his agency.

"The Court: How long did he say it was after it occurred?

"Mr. McDonald: He said he got there five or six minutes after it occurred.

"Mr. Turner: He hasn't shown yet he knows how the accident occurred. He said he got there afterwards, and he says, five or six minutes.

"The Court: If it was within that time, I think it would be part of the *res gestae* as far as I understand that rule.

"Mr. McDonald: As I understand the rule, it must be an exclamation or statement without time to reflect or deliberate on it. Certainly, it seems to us, that five or six minutes—Mr. Hogan hardly knew how long after the accident he got there; and any one would have time to deliberate. We don't think that would really be part of the *res gestae*—not an exclamation or anything of that kind.

"The Court: If it is made spontaneously, Mr. McDonald, as you say, without deliberation, and made within a short length of time before or after the occurrence, about the accident, it is really part of the *res gestae*. That is the rule—the remarks—that is the rule; it is admissible.

"Mr. Gaston: We don't believe our friends will object to the testimony after they hear it.

"Mr. Turner: We don't think it is competent.

"The Court: I rule it is competent. Let it be admitted.

"Q. How far do you say these cars were apart? A. About five feet.

"Q. Was or not anything said by the bus driver at the time concerning the position of the cars? A. Chief Lyles asked him when he got there—I got there just before he did—and asked him if he had moved the bus. He said he had to let the traffic by. We just had room enough to pass behind Mr. Eudy's car."

The testimony of the witness, Mr. Dickie, on the point in question was similar to that of Mr. Hogan.

We think his Honor, the trial Judge, made a proper ruling on this matter. In this connection we call attention to the following cases, which, in our opinion, fully support the ruling of the trial Judge: *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 102 Am. St. Rep., 661; *State v. Martin,* 94 S. C., 92, 77 S. E., 721; *State v. Dickerson,* 179 S. C., 239, 184 S. E., 585, and *Cobb v. Southern Public Utilities Company,* 181 S. C., 310, 187 S. E., 363.

As to the second question, we deem it sufficient to state that, in our opinion, the Workmen's Compensation Act (Act July 17, 1935, 39 St. at Large, p. 1231) does not apply in this case.

As to the allegation of error imputed to the trial Judge in the third exception, we deem it sufficient to state that, in our opinion, the trial Judge committed no error in this respect.

The exceptions are overruled and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.