**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Joshua C. Reher, Appellant.

Appellate Case No. 2018-002254

———————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-245
Submitted June 1, 2021 – Filed June 30, 2021

———————

**AFFIRMED**

———————

Appellate Defender Adam Sinclair Ruffin, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William Frederick Schumacher, IV,
both of Columbia; and Solicitor Samuel R. Hubbard, III,
of Lexington, all for Respondent.

———————

**PER CURIAM:** Joshua C. Reher appeals his convictions for assault and battery of a high and aggravated nature (ABHAN) and possession of a weapon during the commission of a violent crime and his concurrent sentences of nine years' and five

years' imprisonment, respectively. On appeal, Reher argues the trial court abused its discretion by admitting (1) video and photographic evidence of an out-of-court experiment conducted by the solicitor's office and (2) improper bad character evidence in violation of Rules 404(b) and 403, SCRE. We affirm pursuant to Rule 220(b), SCACR.

1. The trial court did not abuse its discretion by admitting videos and photographs of the out-of-court experiment conducted by the solicitor's office. *See State v. Washington*, 379 S.C. 120, 123-24, 665 S.E.2d 602, 604 (2008) ("A ruling on the admissibility of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* at 124, 665 S.E.2d at 604 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."); *Hamrick v. State*, 426 S.C. 638, 651, 828 S.E.2d 596, 602-03 (2019) (providing evidence of an out-of-court experiment is admissible if it is relevant under Rule 401, SCRE, and not otherwise inadmissible under Rules 402 & 403, SCRE). The evidence was relevant to, and probative of, whether Reher shot the victim with malice or in self-defense because the results of the experiment indicated the shooting did not occur in the location Reher alleged. *See* Rule 401, SCRE (providing evidence is "relevant" when it has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence"); *Hamrick*, 426 S.C. at 651, 828 S.E.2d at 603 (finding evidence of an out-of-court experiment was relevant because it "tended to prove [the defendant] could not have struck [the victim] in the construction zone as the State claimed he did"); Rule 402, SCRE ("All relevant evidence is admissible except as otherwise provided by [a rule, statute, or provision of law]."); *Hamrick*, 426 S.C. at 652, 828 S.E.2d at 603 (finding evidence of the defendant's out-of-court experiment was probative of whether the State's evidence was accurate and credible). Additionally, any danger that the evidence would mislead or confuse the jury was low because the investigator who conducted the experiment testified (1) he used the same type of firearm and ammunition that Reher used to shoot the victim under similar conditions and (2) the results of his experiment showed "no definitive pattern" as to the location of the ejected shell casings. Thus, the probative value of the evidence was not substantially outweighed by the danger of misleading or confusing the jury. *See* Rule 403, SCRE ("[R]elevant[] evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . .").

2. The trial court did not abuse its discretion by admitting testimony indicating Reher pointed his firearm in the direction of his girlfriend's son shortly after he

shot the victim. *See Washington*, 379 S.C. at 123-24, 665 S.E.2d at 604 ("A ruling on the admissibility of evidence is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* at 124, 665 S.E.2d at 604 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law."). The testimony was relevant because it "tended to enlighten the jury . . . as to whether the shooting was done with malice . . . or in self-defense." *See State v. Martin*, 94 S.C. 92, 94, 77 S.E. 721, 721 (1913) ("The language and behavior of the defendant at the time of the shooting, or immediately afterwards, showing his attitude of aggression or of regret, clearly tended to enlighten the jury on the issue as to whether the shooting was done with malice . . . or in self-defense."); *State v. Oates*, 421 S.C. 1, 28, 803 S.E.2d 911, 926 (2017) (finding the defendant's "behavior and words immediately after the shooting were relevant to his state of mind immediately before and during the shooting"). Thus, the testimony was admissible to show Reher's intent and as res gestae evidence. *See Martin*, 94 S.C. at 94-95, 77 S.E. at 721 (finding testimony about the defendant's behavior shortly after he shot the victim was admissible as part of the res gestae); *Oates*, 421 S.C. at 28 n.12, 803 S.E.2d at 926 n.12 (indicating testimony about the defendant's "behavior and words immediately after the shooting" was admissible as part of the res gestae). Additionally, because the testimony did not "suggest [a] decision on an improper basis," the fact that the testimony was probative of Reher's guilt was not substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice . . . refers to evidence which tends to suggest [a] decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.