DIXIE CULVERT MANUFACTURING COMPANY *v.* RICHARDSON.

4-9398                                                    236 S. W. 2d 713

Opinion delivered February 26, 1951.

428

*J. H. Spears, Malcolm W. Gannaway* and *James B. Gannaway,* for appellant.

*Fletcher Long* and *H. M. McCastlain,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the three appellees, Mr. and Mrs. H. C. Richardson and J. W. Buck, for personal injuries sustained when a car in which they were riding struck a truck owned by the appellant. Buck, who owned the car, also sought property damages. The jury returned verdicts for all three plaintiffs, assessing Buck's damages at $500, Richardson's at $1,500, and Mrs. Richardson's at "no damage." The court entered judgments on the verdicts, including a judgment for Mrs. Richardson for her costs. We affirm the latter judgment, as Mrs. Richardson has not cross-appealed, and the appellant has waived any error in the judgment for costs by failing to argue the point.

It is contended that the appellant was entitled to a directed verdict. The collision occurred on a rainy night at a point on U. S. Highway 70 some ten miles west of Forrest City. The appellant's truck, loaded with 25,000 pounds of steel, had lost a wheel, and its driver was compelled to leave it on the traveled portion of the highway while he went for help. In this situation a flare should be placed approximately 100 feet behind the disabled vehicle. Ark. Stats., 1947, § 75-722. There was testimony that appellant's driver put the flare only ten feet down the highway. A state policeman estimated the distance as about twenty-five feet. Richardson, who was driving the Buck car, testified that he did not see the stalled truck until it loomed up fifty or seventy-five feet in front of him, when it was too late to avoid a collision.

He did not see the flare until he got out of the car after the accident; it was then burning smokily. On this testimony the trial court correctly submitted to the jury the issues of negligence and contributory negligence.

The court erred, however, in permitting the appellant's driver to be questioned about a conviction for speeding a month after the accident and in telling the jury that this conviction might be considered as bearing upon the driver's credibility. It may be doubted whether the crime of speeding involves enough immorality to make a conviction relevant to the question of veracity, under common law principles. See Wigmore on Evidence, § 926. But in this State the matter is governed by statute. Section 75-1012 provides that a conviction for a traffic violation less than a felony shall not affect the offender's credibility as a witness in any civil or criminal proceeding. Speeding is not a felony. Sections 75-601 and 75-1004. It was therefore error for this conviction to go to the jury on the question of credibility.

Reversed and remanded as to Richardson and Buck.