## 21417

George E. LOVETT, Appellant, v. SOUTHEASTERN FREIGHT LINES and Phillip Kirkland, Defendants, of which Phillip Kirkland is the Respondent.

(276 S. E. (2d) 533)

*James D. Cooper, Jr.,* of *Ratchford, Cooper & Jonas,* and *Robert D. Coble* and *Francenia B. Heizer,* both of *Coble & Heizer,* Columbia, *for appellant.*

*Edward W. Laney, III,* and *William W. Watkins, Sr.,* both of *Turner, Padget, Graham & Laney,* Columbia, *for respondent.*

March 24, 1981.

*Per Curiam:*

Appellant, George E. Lovett, was riding a horse which collided with the side of a Southeastern Freight Lines truck driven by Phillip Kirkland. A nonsuit was granted to Southeastern and the jury verdict was in favor of the respondent, Kirkland.

The only question involved in this case is whether the trial judge properly denied the admission of evidence relating to the respondent Kirkland's driving history. On cross-examination counsel for the plaintiff asked Kirkland whether he was a good driver or what kind of driver he was. In response, Kirkland opined that he was a good driver. Counsel for the plaintiff then sought to introduce evidence from Kirkland's driving record in an attempt to impeach him. The trial judge denied this.

Appellant relies on *Addyman v. Specialties of Greenville, Inc.,* 273 S. C. 342, 257 S. E. (2d) 149 (1979), asserting that Addyman holds that guilty pleas to unrelated traffic violations are admissible to impeach the parties' credibility as a witness. However, this is incorrect as Addyman holds that the parties' guilty pleas to the traffic offenses for the identical traffic mishap out of which the civil action arose would be admissible, for impeachment in conflict to his testimony. The question here deals with unrelated traffic offenses and these cannot be used to impeach the general credibility of a witness. Thereby evidence of such conviction is inadmissible. See: *Dixie Culvert Manufacturing Company v. Richardson,* 218 Ark. 427, 236 S. W. (2d) 713 (1951). Moreover, the driving record is a collateral issue. *State v. Brock,* 130 S. C. 252, 126 S. E. (2d) 28 (1925) ; Dreher on Evidence at page 14;

Accordingly, the judgment of the trial court is affirmed. 81 Am. Jur. (2d), Witnesses, § 583 at page 589.

Affirmed.