## STATE v. ROBERTSON.

1. It is proper, especially in criminal cases, that counsel, in addressing the jury, should keep themselves strictly within the record ; but much must be left to the discretion of the trial judge, and his failure to restrain the solicitor in this case was not legal error.
2. Where the accused testified in his own behalf, as permitted by the statute, "as to the facts and circumstances of the case," he is subject to all the incidents of a regular witness, and, therefore, his general reputation for veracity may be assailed.

Before ALDRICH, J., Fairfield, September, 1886.

This was a prosecution against Sandy Robertson for rape. The opinion fully states the case as it appears in the appeal record.

*Mr. G. W. Ragsdale*, for appellant, cited *Gen. Stat.*, § 2643; 1 *Bish. Cr. Proc.*, § 1112; 23 *How.*, 2; *Whart. Cr. Law*, § 814; *Taylor Evid.*, § 1083; 1 *Hill.*, 251; 49 *Ind.*, 24; 1 *Bish. Cr. Proc.*, § 975*b*; 96 *Ill.*, 209; 44 *Wisc.*, 282; 12 *Tex. App.*, 583; 68 *Ala.*, 476 ; 1 *Bish. Cr. Proc.*, § 1124.

*Mr. McDonald*, solicitor, contra, cited 15 *S. C.*, 389; *Whart.*

*Cr. Evid.*, §§ 427–439; 67 *Mo.*, 380; 68 *Ind.*, 54, 345; 56 *N. Y.*, 315; 114 *Mass.*, 285; 52 *N. H.*, 459; 58 *Cal.*, 212; 9 *Nev.*, 179; 28 *Conn.*, 309; 4 *Crim. L. Mag.*, 323.

February 16, 1887. The opinion of the court was delivered by MR. JUSTICE McGOWAN. The defendant was tried for rape. He testified in his own behalf under the statute. The solicitor offered witnesses to impeach the veracity of the defendant in the same manner as is allowable in reference to ordinary witnesses. In rebuttal he also offered witnesses to show where the defendant was staying, or rather where he was not at the time of the rape; and in doing so the sheriff incidentally stated that he had made search for him under a warrant charging him with assault and battery on a woman at Rock City. To this mention of a warrant in another case the defendant's counsel objected, and the objection was sustained as indirectly assailing his character; but it seems that in his argument the solicitor made some reference to his "dodging around and evading the officers of the law."

The defendant was convicted with recommendation to the mercy of the court, and was sentenced to imprisonment in the penitentiary for life. He appeals to this court upon the following exceptions: "I. Because his honor erred in admitting testimony to impeach the character of the defendant for veracity, the defendant not having put his character in issue. II. Because his honor erred in allowing the State's attorney to go beyond the testimony and urge upon the jury that the defendant, prior to the time of the alleged rape, had committed an assault and battery on a woman and was dodging around evading arrest at the time of the alleged rape."

It is most certainly proper, especially in criminal cases, that counsel, in addressing a jury, should keep themselves strictly within the record. This rule is essential, and must be enforced; but from the very nature of the case some latitude in argument must necessarily be allowed. It is often matter of difficulty to draw the line sharply between legitimate argument and unauthorized statement—between what is and what is not allowable; and as this pertains to the conduct of the cause, it must, to a large extent, be left to the wise discretion of the Circuit Judge. We could

not affirm that the omission of the Circuit Judge to restrain the solicitor in his argument was such error of law upon his part as to authorize this court to set aside the verdict on that ground.

The question made by the first exception has never, so far as we are informed, been settled in this State. Down to 1866 the defendant in a criminal case was not allowed to testify in his own behalf, and therefore the question could not arise. But section 2643 of the General Statues now provides that, "In the trial of all criminal cases the defendant shall be allowed to testify (if he chooses to do so, and not otherwise) as to the facts and circumstances of the case." In reference to this provision, it was said by this court in the case of the *State* v. *White*, 15 *S. C.*, 390: "It is to be observed, however, that White was not an ordinary witness, but was the party accused, and under the statute was only permitted to testify as to the facts and circumstances, and it may admit of grave question, whether his character could be impeached, either in the manner suggested, or in any other way; but as this is an important question not raised in the record or argued in the case, we do not propose upon this subject to do more than merely suggest the question, without undertaking now to decide it."

The point is now made in the record, however, and it is necessary for us to decide it. There is no doubt that the common law, in its tenderness for liberty and life, presumes every one innocent until the contrary is made to appear in the regular way. From this beneficent principle comes the rule that the general bad character of one charged with a particular crime may not be shown, unless the accused himself chooses to put his character in issue; and it is urged that this settled rule will be violated by allowing the State to show that a defendant on trial is wanting in truthfulness, as that must necessarily, to some extent at least, involve the matter of general character. There was, however, another rule of the common law quite as well settled—that one on trial for a crime could not testify for himself. But as this rule was supposed sometimes to operate unjustly against the accused, it has been repealed, or at least so modified by the aforesaid statute, as to give him the right "to testify as to the facts and circumstances of the case." This was a great change in the law

of evidence in favor of the accused, and the question now arises, whether a defendant, who elects to exercise the privilege of testifying in his own case, may still claim the old immunity from assault upon his character to the full extent, or by so doing thereby makes himself a witness in the usual sense of that word—that is to say, assuming the obligations and responsibilities of an ordinary witness, who puts his character for truth and veracity to the test by the very act of testifying.

What, then, was the intention of the legislature in thus changing the law? Was it simply to allow the defendant to make its statement to the jury for what it is worth, or to remove his incapacity to testify and to place him, at his election, in the position of an ordinary witness in the case? The act clearly requires that if the party asks the privilege, he shall make his statement under oath, and, as we suppose, he might be convicted of perjury for swearing falsely on his own trial. It is true, the act does not use the word "witness," but there is the equivalent word "testify," of which the definition is, "to bear witness to"—"to give evidence or testimony of," &c. We cannot suppose that the phrase "as to the facts and circumstances of the case" is in any way restricted, but rather allows any statement which, coming from an ordinary witness, would be competent. Surely the solicitor might reply to and disprove any statement of the defendant, and also upon laying the proper foundation show that he had made statements contrary to those made in court; and we do not clearly see why a defendant who chooses to testify in his own case should not do so, subject also to the other incidents of a regular witness—one of which is, that his character for truth and veracity may be assailed. It was always allowable for one accused of crime to put his character in issue, if he chose to do so; and it would seem that, by accepting the privilege to testify under the statute, he elects to put it in issue, so far, at least, as truthfulness is concerned. Any other construction, as it seems to us, would necessarily tend to put the true and the untrue upon the same bed; to confound truth with falsehood, and, to that extent, defeat the ends of justice.

It seems that this is the view taken in most of the States in which laws have been enacted similar to our statute. It appears

from the numerous cases cited by the solicitor, notably from New York, Massachusetts, California, Indiana, and Missouri, that the generally received doctrine upon the subject is, that where the defendant testifies in his own behalf his character for truth and veracity is thereby uncovered, but not his general moral character. "A party, it may be said generally, when he becomes a witness, is subject to the usual duties, liabilities, and limitations of witnesses. * * * His character for truth and veracity may be impeached, and his testimony may be commented on by counsel to the same effect as the testimony of other witnesses," &c. *Whart. Cr. Evid.*, §§ 429, 433.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.