16053.

STATE v. VAN WILLIAMS *ET AL.*

(46 S. E. (2d) 665)

*Mr. George W. Keels,* of Florence, for Appellant,

*Mr. Sidney Tison, Solicitor,* of Bennettsville, for Respondent,

March 3, 1948.

BAKER, C.J.: At the June, 1947, term of the Court of General Sessions for Darlington County, Harry Van Williams was found guilty as an accessory before the fact to breaking and entering a house with intent to commit a

felony, or other crime of a lesser grade, on an indictment charging him, along with Clyde Dixon and John E. Richardson, in one count with the breaking and entering and in another charging them with being accessories before the fact. From his conviction Harry Van Williams has appealed to this Court.

Appellant was examined as a witness in his own behalf, and after he closed his case the State was permitted, over his objection, to introduce as testimony in reply records of his previous convictions of housebreaking and larceny and grand larceny. In admitting the testimony the Court said: "I understand those are indictments offered solely as to the question of veracity." Solicitor acquiesced in this understanding on the part of the Court and expressly declared: "We offer them solely for the purpose of attacking the credibility of the defendant as a witness, not as proof of his having committed the crime for which he is now being tried."

Appellant contends that this testimony was inadmissible for any purpose because not in reply, and not coming within the intent and purpose of section 1012-1, Code of Laws, S. C., 1942, removing the disqualification as witnesses of persons convicted of crime, but permitting the fact of such conviction to be shown, and also because it constituted an attack upon his character and reputation when he had not placed his character and reputation in issue. He also complains of improper argument by the Solicitor to the jury in relation to these previous convictions.

We are not at all purporting to decide that this testimony was not in reply, but if it be conceded that it was not, we do not think that this would be any ground for the reversal of the judgment of the Circuit Court. If appellant felt aggrieved by what he claims to be new matter brought into the case after he had closed his testimony, his remedy was to request the Court to permit him to offer additional evidence by way of rejoinder. If he had any tes-

timony to offer in response to this alleged new matter and had requested the Court to permit him to offer it, no doubt such permission would have been granted, but he made no such request, and he is now in no position to complain. The rule governing a situation of this kind is thus stated in *Ford v. A. A. A. Highway Express, Inc., et al.*, 204 S. C. 433, 29 S. E. (2d) 760, 763:

"The general rules for the introduction of testimony must necessarily be so often applied or relaxed according to circumstances apparent only to the Court engaged in conducting the trial, that a strict uniformity at all times is not to be expected, and indeed, in some instances would prove injurious to the interests of justice. The Courts are agreed, accordingly, that the order of proof must be left to the sound discretion of the trial Court, and such Court will not be reversed unless it clearly appears that the Court has abused its discretion. Wigmore on Evidence, Vol. 6, § 1873, p. 517.

"The jury heard all of the evidence, and they have heard none but what was proper for them to hear. The only objection is that they did not hear it at the appropriate time, and that the defendants were thereby prejudiced. We do not think that the contention is sound that it was incumbent upon the plaintiff to offer the wagon wheels in evidence while offering his evidence in chief. This evidence was purely in rebuttal, and had no place in the case until the defendants offered evidence tending to show that the truck hit the left front wheel of the wagon.

"If appellants had desired to present evidence by way of rejoinder, they should have moved for permission to do so. *Walker v. Southern Bell Telephone & Telegraph Co.*, 92 S. C. 188, 75 S. E. 1024."

See also *State v. Jones*, 29 S. C. 201, 7 S. E. 296.

It also seems unnecessary to decide whether this testimony comes within the intent and purpose of section 1012-1 of the Code removing the disqualification of witnesses previously convicted of crime, because we think the testimony was competent, either with or without the aid of section 1012-1, and that it was not an improper attack upon appellant's character and reputation, as he contends, when he had not placed his character and reputation in issue. When appellant elected to testify in his own behalf he assumed the same role as any other witness, subjecting himself to the duties and liabilities of witnesses generally, and by the mere act of becoming a witness he placed his reputation for truth and veracity in issue, thereby making it permissible to show any of his past transactions tending to affect his credibility, but not such as affected his character in other respects. *State v. Robertson,* 26 S. C. 117, 1 S. E. 443; *State v. Wyse,* 33 S. C. 582, 12 S. E. 556; *State v. Mills,* 79 S. C. 187, 60 S. E. 664; *State v. Knox,* 98 S. C. 114, 82 S. E. 278; *State v. Gilbert,* 196 S. C. 306, 13 S. E. (2d) 451. There can be no doubt that proof that a witness has committed larceny tends to affect his credibility. *State v. Wyse, supra.*

This testimony as to appellant's previous convictions of housebreaking and larceny and grand larceny having been admitted with the distinct understanding that it was to receive no consideration except in relation to his credibility as a witness, there was no error up to this point, but the difficulty is that this was not the end of the matter. During the course of the Solicitor's argument to the jury he made certain statements to which appellant's counsel objected, it being claimed that the statements constituted an attack upon appellant's character and reputation in respects other than his credibility, whereupon the following took place:

"The Solicitor: All right, let the record show every time I refer to these indictments I have reference only to the fact that he is not worthy of belief.

"Mr. Keels: Then I would ask your Honor to admonish the solicitor to say that and that alone.

"The Court: Gentlemen, I have charged you previously as to the purpose for which these indictments were introduced in evidence. You will remember that in your deliberation and will only consider them for that purpose, and that is as to the credibility of the testimony of the witness.

"The Solicitor: I want the stenographer to take this: Mr. Foreman and gentlemen of the jury, I say to you that you can't afford to turn aloose a man of that stripe when you have the evidence to convict him. He is not worthy of belief on his own testimony. That is the burden of my song—

"Mr. Keels: I object to that statement—

"The Court: I overrule the objection.

"The Solicitor: That is the burden of my song, that Darlington County is an unsafe place to have housebreakers and thieves who commit grand larceny, let's keep it that way. Why did I ask him no questions? Why would you take it against him, when it was there thirteen years ago, perhaps on the last indictment introduced in evidence. I don't know what the man did during the thirteen years, his reputation is not in issue except whether he tells the truth or not. I argue from the testimony that he is long past due again. *   *   *"

The Solicitor also further said in the course of his argument: "Let's let all fellows of that stripe know that they had better perpetrate their crimes elsewhere than in Darlington County. We are preserving your schools, your churches and your law and your order, and you are going to make it safe for a man to work hard and accumulate something, put a lock on his door and keep folks of this stripe out at night and in the day   *   *   *."

A mere reading of this line of argument shows convincingly that it went far beyond the bounds of the purpose for which evidence of appellant's former con-

victions was received and to which its use properly was required to be confined, and there seems no escape from the conclusion that a new trial must be granted. It is no answer to suggest that appellant should have asked for a mistrial, because due objection having been made and the objection having been overruled, there indicating that this line of argument was not considered improper, it is obvious that a motion for a mistrial would have been a futile thing.

The judgment is reversed, and the case is remanded to the Circuit Court for a new trial.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.