16240

STATE v. CORN

(54 S. E. (2d) 559)

*Messrs. R. B. Hildebrand,* of York, *and W. C. McDow and Billy D. Hayes,* of Rock Hill, *for Appellant,*

*Mr. W. G. Finley, Solicitor,* of York, *Mr. W. B. Wilson,* of Rock Hill, *and Messrs. Childs & Childs,* of Lincolnton, N. C., *for Respondent,*

July 28, 1949.

BAKER, Chief Justice.

At the December, 1948, term of the Court of General Sessions for York County, the appellant was tried and convicted of, on June 5, 1948, murdering by shooting, his employer, George C. Beam, Jr. Following his conviction, without recommendation to mercy, and the refusal of a motion for a new trial, appellant was sentenced by the trial Judge to death by electrocution.

The appeal raises the issues that the trial Judge erred, (1) in refusing the motion of the appellant for a directed ver-

dict of not guilty, (2) in failing to exclude hearsay evidence to which timely objection was made, (3) in making a remark with reference to the testimony of a witness, the effect of which was to over-emphasize the credibility of such witness, (4) in refusing a new trial because of the Solicitor in his closing argument, having read to the jury a statement or excerpt from the testimony which he attributed to the appellant, but in fact was from the testimony of another witness, (5) in refusing a new trial because of a misstatement of the testimony by one of the counsel associated with the Solicitor in his argument to the jury, (6) in speeding up the trial by lengthening the regular hours for the holding of the court, and by having night sessions in addition, only while the appellant was presenting his defense, (7) in refusing a new trial based upon the ground that the Solicitor in his closing argument to the jury read from written statements alleged to have been made by the appellant to officers, when such statements had not been offered in evidence, (8) in refusing a new trial on the ground that counsel for the defense were required to exchange seats with counsel for the State, thereby placing counsel for the State (and the relatives of the deceased who were unnecessarily seated around the table) in close proximity to the jury, (9) in refusing a new trial based on the ground that it was error to allow the Solicitor to elicit from the appellant while he was testifying the fact of his previous convictions by court martial of crimes, and allowing the Solicitor to go into detail as to the sentences imposed, and (10) in failing to charge the jury on the law of alibi. We will discuss these issues in the order above outlined.

The evidence tending to prove the guilt of the appellant is wholly circumstantial. The rule of law applicable to circumstantial evidence is well established in this State by the following cases: *State v. Kimbrell*, 191 S. C. 238, 4 S. E. (2d) 121; *State v. Dornberg*, 192 S. C. 513, 7 S. E. (2d) 467; *State v. Edwards*, 194 S. C. 410, 10 S. E. (2d) 587; *State v. Powell*, 202 S. C. 432, 25 S. E. (2d) 479; *State v.*

*Takis,* 204 S. C. 140, 28 S. E. (2d) 679; *State v. Hurt et al.,* 212 S. C. 461, 48 S. E. (2d) 313; *State v. Manis,* 214 S. C. 99, 51 S. E. (2d) 370. It is not necessary to again set forth this rule of the applicable law, although we adhere to it.

All of the testimony indicates that on or about June 5, 1948, George C. Beam, Jr., was shot and killed in the warehouse portion of his place of business, conducted in the name of Carolina Oil Company, on Fairfield Avenue in the City of Rock Hill, and that at some time thereafter his body was placed in a wooden crate or box, weighted down, and hauled from the warehouse and dumped in the waters of Crowder's Creek, where it was found floating approximately seven days from the time he was last seen alive in Rock Hill.

The testimony in this case is voluminous, and unnecessarily so, even if practically the same questions (which required answers) had not been asked several times. In addition, matters were gone into in the minutest detail which could at most have created mere suspicion of the guilt of the appellant, which suspicion fades entirely when the record is considered as a whole.

In view of the fact that there must be a new trial of this case, we think it best that we refrain from discussing or even mentioning the circumstances which justified the trial Judge in submitting the issue of the appellant's guilt to the jury. Suffice it to say that we have studied the record, and that in our opinion there was no error in his so doing. We have reached this conclusion after carefully reviewing the testimony.

When the State's witness, F. W. Wolfe, was on the witness stand, he testified that while he and other officers were inside the warehouse where Beam had been killed by being shot with a high powered pistol or a rifle, they fired several shots from a .38 special revolver at different paces, the bullets passing through the north end of the warehouse. This witness was then permitted to testify,

over the strenuous objection of counsel for the appellant, that following the firing of these shots, he could find no one in the neighborhood who had heard any shots. Seven pages of the record are consumed with the objections, discussions of counsel and of the trial Judge (all in the presence of the jury), in reference to the admissibility thereof and was tantamount to permitting the witness to testify that the people residing and working in the neighborhood had told him they did not hear the shots, which, of course, was hearsay evidence, and the objection thereto on this ground was therefore sound, and should have been sustained. This evidence was very material to the prosecution, and damaging to the appellant, and cannot be classified as "harmless error." It is such a recognized rule of law that, with few exceptions (only one occurs to the writer), hearsay testimony as to material matters is inadmissible in a court of justice, we do not find it necessary to cite authority for such holding, although authority is abundant.

If the trial Judge in remarking upon the testimony of the witness Dan C. McGinnis, a brother-in-law of the deceased, and his partner in the business of Carolina Oil Company, in anywise discredited the cross-examination of this witness by appellant's counsel, or impressed the jury with the idea that they should give more than ordinary credit to the testimony of this witness, such was foreign to his intentions. He was merely trying to bring to an end the examination of the witness on a matter having but slight, if any, relevancy, other than to test his veracity. Indeed, we could have, with all propriety, refrained from touching on this issue, as we will on issues 4, 5, 6, 7 and 8. The matters therein complained of will probably not again occur on another trial.

When the appellant elected to go upon the witness stand to testify in his own behalf, he assumed the same rôle as any other witness, and thereby placed his reputation for truth and veracity in issue, thus making

it permissible to show any of his past transactions tending to affect his credibility, but not such as affected his character in other respects. *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) 665. After careful consideration we have concluded that he could be questioned as to whether he had been convicted in a court martial of robbery, and of larceny, but when he answered in the affirmative, it was improper for the Solicitor to pursue these matters further by cross-examining him as to the sentences imposed, the revocation of a parole, and a dishonorable discharge from the army, the latter being a part of the sentence imposed in one of the cases. It was permissible for the prosecution to show that the appellant had been convicted of crimes which would affect his credibility as a witness, but not his reputation for violence or other crimes not affecting his credibility. The length of the sentences imposed could not be said to affect his credibility.

It was the theory of the State that George C. Beam, Jr., was shot and killed on the morning of June 5, 1948. It was the contention of the appellant that the last time he saw the deceased was in the morning of said June 5, 1948, about 10:30 or 11 o'clock, just after the deceased had talked to a man who had driven up to the place of business of Carolina Oil Company (the business of Beam) in a Kaiser-Frazier automobile, and the deceased had given him (the appellant) a check for $900.00 and instructed him to collect the amount due by R. & W. Service Station to the Carolina Oil Co., and deposit the collection in the bank. The appellant, in the defense of the charge on which he was tried (convicted and sentenced), testified in detail as to his movements and whereabouts, not only throughout June 5th, but also throughout the time that the deceased could have been shot and killed sufficient to tend to establish an alibi; and he also freely answered all questions of the investigating officers as to his movements and whereabouts throughout the time Beam was last seen alive by any one the officers could locate, and the time his body was found in Crowder's Creek.

In addition, there was testimony by a disinterested witness that on June 7, 1948, at approximately 8 P. M., a large dark automobile was driven into Fairfield Avenue, the deadend street where the warehouse of the deecased was situate, and at about 8:30, three pistol shots were heard from the direction of this warehouse, and in fifteen or twenty minutes this automobile was driven out of Fairfield Avenue at a rapid rate of speed, turned left, and headed into the York highway.

In the light of the testimony in this case, and where the defendant's life is at stake, we think that he was entitled to have the law of alibi charged the jury, even though no request for such charge was made, and practically waived, because at the conclusion of the trial Judge's charge he specifically inquired if any further charge was desired, and received a negative reply. Copy-modeling from *State v. Bealin,* 201 S. C. 490, 511, 512, 23 S. E. (2d) 746: In the present case, therefore, we think that the question of alibi was properly before the trial Court under the testimony that the appellant was not present when the decedent met his death, and this issue should have been so regarded by the trial Judge, even though the appellant went through no particular form or routine of establishing a more formal alibi. Regardless of its form, the plea of alibi was a part of the defense, and, since the evidence of the State was wholly circumstantial, the appellant was all the more entitled to the benefit of a charge pertaining to this plea than he might have been if the evidence for the State had been more direct.

We trust that upon the next trial of this case, the melodramatics as disclosed by the record will be kept out; and we feel sure that the fair and earnest Solicitor will take the necessary precautions to this end. A dastardly crime was committed when the life of the deceased was taken, but before the life of another on account thereof is forfeited, such one should be convicted only on testimony that leaves no reasonable doubt as to his guilt, and entirely free of influences not properly a part of the trial.

For the reason above stated, the judgment and sentence appealed from is reversed, and a new trial is ordered.

STUKES, TAYLOR and OXNER, JJ., concur.

FISHBURNE, J., concurs in result.