## 17279

THE STATE, Respondent, v. CHARLIE CHASTEEN, Appellant
(97 S. E. (2d) 517)

G. *Ross Anderson, Jr., Esq.,* of Anderson, *for Appellant,*

*Rufus Fant, Esq., Solicitor,* of Anderson, *for Respondent,*

April 8, 1957.

Stukes, Chief Justice.

Appellant was tried in November 1955 upon an indictment which contained two counts, (1) assault with intent to ravish, and (2) assault and battery of a high and aggravated nature. The prosecutrix was an eleven-year-old girl. The first count charged a very serious crime, which may be punished by death. Code, Sec. 16-72. One convicted is disfranchised by Sec. 6 of Art. II of the constitution.

The appellant testified and on cross-examination, over objection, admitted that he had pleaded guilty in 1949 in a federal court in the State of Georgia to a charge of assault with intent to ravish. The testimony was admitted only for the purpose of attacking the credibility of the defendant-witness, and the jury were so instructed. He was convicted on the second count of the indictment and sentenced to seven years imprisonment. He appeals upon the ground that the cross-examination was irrelevant and prejudicial. He makes no question of incompetency of the evidence of the former crime because it was too remote in time and we shall intimate no opinion thereabout.

Upon consideration of the leading case of *State v. Robertson,* 26 S. C. 117, 1 S. E. 443, it is found to be controlling of the instant appeal. It was a prosecution for rape which resulted in a verdict of guilt with recommendation to mercy, and appellant was sentenced to life imprisonment. The sheriff testified to a former warrant which charged the defendant with assault and battery on a woman. Objection was sustained to the evidence as indirectly assailing defendant's character; but in argument to the jury the solicitor made reference to it. There was an exception to the admission of the evidence in impeachment of the character of the de-

fendant for veracity; and a second exception alleged error in allowing argument thereabout to the jury. Thus the exceptions implied that the evidence was admitted; and the court so considered the appeal. The exceptions were overruled and it was concluded that when a defendant accepts the privilege of testifying he puts his character in issue so far as truthfulness is concerned; in the words of the opinion, "where the defendant testifies in his own behalf his character for truth and veracity is thereby uncovered, but not his general moral character. * * * His character for truth and veracity may be impeached, and his testimony may be commented on by counsel * * * as the testimony of other witnesses." The result of the decision was that the evidence of the former charge against the defendant for assault and battery on a woman was admissible, and the fair subject of argument to the jury by the solicitor. Thus the authority of the cited case fits this "like a glove." It was the first case that construed and applied in this particular the statute of 1866 which is now Sec. 26-405 of the Code of 1952, "In the trial of all criminal cases the defendant shall be allowed to testify," etc.

In *State v. Wyse,* 33 S. C. 582, 12 S. E. 556, *State v. Robertson* was cited with approval and evidence that the defendant, who testified, had been previously convicted of petit larceny was held admissible in impeachment of his testimony; and it was said that it is competent to impeach the credibility of a witness by production of the record of his conviction of an infamous offense, which necessarily affects his character. *State v. Williamson,* 65 S. C. 242, 43 S. E. 671, approved the cross-examination of a defendant as to a prior indictment for perjury. Evidence was admitted in *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) 665, of the prior convictions of the defendant (who testified) of housebreaking and larceny and grand larceny. In *State v. Corn,* 215 S. C. 166, 54 S. E. (2d) 559, cross-examination of the defendant as to prior convictions by court martial of robbery and larceny was approved.

There is another line of cases in which the past trans-actions or conduct of the defendant were held to be inadmissible on cross-examination of him, because not affecting his credibility. Of them the following are illustrative: *State v. Knox,* 98 S. C. 114, 82 S. E. 278; *State v. Bigham,* 133 S. C. 491, 131 S. E. 603; and *State v. Bolin,* 177 S. C. 57, 180 S. E. 809.

Compare *State v. Gibert,* 196 S. C. 306, 13 S. E. (2d) 451, where defendant had put his character and reputation in evidence and cross-examination of him was permitted as to past transactions which bore upon the trait of character covered by the charge of the indictment upon which he was on trial. It was not required that they necessarily affected his credibility. To the same effect is *State v. Merriman,* 34 S. C. 16, 12 S. E. 619.

Recent relevant cases on the civil side of the court, ▮ which resulted oppositely because of differences in their facts, are *Gantt v. Columbia Coca-Cola Bottling Co.,* 204 S. C. 374, 29 S. E. (2d) 488, and *Schreiberg v. Southern Coatings & Chemical Co., S. C.,* 97 S. E. (2d) 214. The opinion in the *Gantt case* contains a survey of the subject law in other jurisdictions. The rule of it is that to be competent in evidence the former crime of the witness must have involved moral delinquency and tended to show that his character is such as to render his testimony unworthy of belief.

Upon factual comparison of the foregoing authorities ▮ it is seen that there can be laid down no fixed rule as to what is admissible on cross-examination with respect to the past conduct of a defendant who takes the stand as a witness. That is admissible which fairly tends to affect his credibility as a witness; that which does not is incompetent and may be prejudicial. The case *sub judice* is controlled by *State v. Robertson, supra,* 26 S. C. 117, 1 S. E. 443. However, attention is directed to the fact that in that case the questioned evidence was of a *warrant* for an al-

leged former crime, and the court did not discriminate between such and a *conviction* or plea of guilt. It was inferred in *State v. Williamson, supra,* 65 S. C. 242, 43 S. E. 671, and we agree, that the question there as to whether, as said at the outset of this discussion, the defendant-witness had been *indicted* for prejury was objectionable; but whether he had been *convicted* of perjury would have been competent. A mere indictment or warrant should not be admitted as affecting the credibility of a witness, simply because it is not proof of commission of the crime charged.

Judgment affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.