18076

Earl W. DANIEL, Appellant, v. Charles E. HAZEL, Respondent
(131 S. E. (2d) 260)

*Messrs. Traxler & Turner,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-
ville, *for Respondent,*

*Messrs. Traxler & Turner,* of Greenville, *for Appellant, in Reply,*

June 4, 1963.

BUSSEY, Justice.

In this action to recover damages resulting from an automobile accident, the jury returned a verdict in favor of the plaintiff for twenty-two dollars and fifty cents. From an

order refusing to set aside the verdict and grant a new trial, the plaintiff appeals.

The accident occurred in the City of Greenville, on the morning of March 10, 1959. Both vehicles were proceeding along Anderson Street in the vicinity where said street approaches and intersects Pendleton Street, the plaintiff's vehicle being in front of the defendant's vehicle. Except for the fact that the front of defendant's automobile admittedly came in contact with the rear of plaintiff's automobile, there is great conflict in the evidence as to how the accident occurred, and the extent and nature of the collision.

Testimony in behalf of the plaintiff was to the effect that he stopped behind a truck, which had stopped for a stop sign at the intersection, and that after the truck moved into the intersection, he pulled on up to a white line at the entrance to the intersection and stopped again; that the defendant approached at a speed of about fifteen miles per hour and rammed into the rear of plaintiff's vehicle with great force and violence doing damage to plaintiff's automobile and rendering unto plaintiff severe and permanent personal injuries.

Evidence on behalf of the defendant was to the effect that there was no truck at the scene; that plaintiff stopped at the aforesaid white line, and that defendant stopped some three or four feet in back of plaintiff's automobile. Anderson Street approaching Pendleton Street is slightly downgrade and defendant testified that he was sitting with his foot on his brake when he saw plaintiff's car start to move into the intersection, upon which he removed his foot from his brake, but did not put it upon the accelerator, and almost simultaneously looked to the left to observe any approaching traffic on Pendleton Street, and that as he did so, his car started to roll forward. At this moment, according to the defense testimony, plaintiff's car, which had started to move out, stopped again, and defendant's wife who was riding with him said: "Watch it." Thereupon defendant put on his brakes and his car

dipped down in front and tapped the right rear or tail light of plaintiff's automobile, which admittedly was broken and cost plaintiff seven dollars and fifty cents to repair. According to defendant's evidence, there was no other damage to either car, and no indication or complaint of any injury whatsoever to the plaintiff.

The defendant plead, *inter alia,* contributory negligence on the part of the plaintiff, and also that the accident was unavoidable on his part. At the conclusion of the testimony plaintiff moved for a directed verdict in his favor on the issue of liability, and the elimination of the defenses of contributory negligence and unavoidable accident from the consideration of the jury, which motion was denied by the trial judge. The failure to grant this motion is assigned as error by several exceptions.

We think there was no error on the part of the trial judge in this respect. Plaintiff's argument is based primarily on two premises: (1) that defendant admittedly turned his head for the purpose of observing approaching traffic on Pendleton Street and did not see plaintiff's car at the moment when, according to defense testimony, it stopped again; (2) that on cross examination defendant agreed that he didn't know anything that the plaintiff could have done to have avoided being hit from the rear.

> Under all of the circumstances, we think it was for the jury to say whether the conduct of the defendant amounted to negligence.

As to contributory negligence, we also think that it was for the jury to say whether there was any negligence on the part of the plaintiff in starting into the intersection and then suddenly stopping again, instead of proceeding.

> With respect to both negligence and contributory negligence the dominant rule is that the determination of such questions is controlled by the facts and circumstances of the particular case and that the court will not decide such questions as a matter of law if testimony is con-

flicting or if the inferences to be drawn therefrom are doubtful. *Jumper v. Goodwin,* 239 S. C. 508, 123 S. E. (2d) 857; *Johnson v. Atlantic Coast L. R. Co.,* 217 S. C. 347, 60 S. E. (2d) 678.

Moreover, the jury determined the issue of liability in favor of the plaintiff and there is nothing in the record before us to indicate that the plaintiff was prejudiced by the submission to the jury of all pleaded issues affecting liability, even if there were any error in so doing. We do not mean to imply or hold that a verdict favorable to a plaintiff on the issue of liability would, under all circumstances, render the erroneous submission of a defense to the jury nonprejudicial. We simply hold that in the instant case there is no showing of any prejudice.

The appellant asserts error in that the court allowed counsel for defendant to elicit on cross examination of one Kelly, a witness for the plaintiff, the fact that the said Kelly had, on the 30th day of September 1959, entered a plea of guilty to an indictment charging him with conspiracy to commit the crime of obtaining money under false pretenses, and of obtaining money under false pretenses.

The information was quite relevant to the credibility of the witness who testified that he was an eye witness to the accident, and, incidentally, a long time acquaintance of the plaintiff. The evidence on behalf of the defense gave rise to the inference that the said Kelly was nowhere near the scene. That there was no error on the part of the trial judge in this respect is conclusively shown by the cases of *Gantt v. Columbia Coca-Cola Co.,* 204 S. C. 374, 29 S. E. (2d) 488; *State v. Murphy,* 216 S. C. 44, 56 S. E. (2d) 736; *State v. Reggen,* 214 S. C. 370, 52 S. E. (2d) 708; *State v. Van Williams, et al.,* 212 S. C. 110, 46 S. E. (2d) 665. Code Section 26-406, 1962 Code of Laws.

Several exceptions impute error to the trial judge in charging a traffic ordinance of the City of Greenville and certain sections of the South Carolina Code regu-

lating motor vehicle traffic, which appellant contends were inapplicable and prejudicial. A discussion of these exceptions is rendered unnecessary for the simple reason that the record fails to reflect that appellant's counsel took any exception to the charge of the judge when given an opportunity to do so in the absence of the jury. *State v. Homewood,* 241 S. C. 231, 128 S. E. (2d) 98; *State v. Jacobs,* 238 S. C. 234, 119 S. E. (2d) 735; Code Section 10-1210, 1962 Code of Laws.

The appellant lastly contends that the trial judge erred in failing to set aside the verdict and grant a new trial on the ground that the verdict was grossly inadequate, unresponsive to the evidence, as well as the instructions of the court, and could only be based on bias, prejudice, caprice or arbitrariness. There is no doubt as to the power of a trial judge to set aside an inadequate verdict in a proper case. The applicable law with respect to this question is dealt with at some length in the fairly recent case of *Fuller v. Bailey,* 237 S. C. 573, 118 S. E. (2d) 340. The disposition of a motion for a new trial on the ground of the inadequacy of a verdict is addressed to the sound discretion of the trial judge and the exercise of his discretion thereabout will not be disturbed on appeal in the absence of abuse thereof amounting to an error of law.

The plaintiff here has many problems of health, which we deem unnecessary to detail here. According to his own testimony and that of his doctors, many of them existed prior to the date of the accident. He offered in evidence medical and hospital bills, including some travel items allegedly incurred on account of his health, showing expenditures in excess of three thousand dollars between the time of the accident and the time of the trial. Plaintiff sought to attribute all of his problems of health to the accident. No effort was made by the plaintiff to connect, by medical testimony, a very substantial portion of his medical expenses with the accident. Under the evidence, medical and otherwise, the jury could have inferred that plaintiff had sustained some

personal injury in the accident, either by aggravation of pre-existing ailments or otherwise. On the other hand, the evidence was clearly susceptible of the inference that the accident was of an extremely minor nature and that plaintiff sustained no personal injury therein.

The verdict as originally written by the jury was as follows: "We find for the plaintiff $7.50 for tail light and $15.00 for first physical examination." At the direction of the court, this verdict was rewritten as a verdict in the total amount of $22.50. The verdict as originally written would seem to indicate a degree of thoroughness with which the jury, after having determined the question of liability, then went about the task of assessing damages, and that the amount of the verdict was not arrived at capriciously, arbitrarily, or without foundation. The verdict is an indication that the jury simply determined that the impairments of health suffered by the plaintiff were not a result of the accident, but that the plaintiff was entitled to have the damage to his vehicle repaired by the defendant, and was entitled to have one physical examination at defendant's expense to determine whether or not he had sustained any injury in the accident.

The plaintiff argues that the verdict is so low, and out of line with his evidence as to the amount of damage which he sustained, that it could only have been based on caprice, passion, prejudice or arbitrariness. The simple answer to this argument is that the jury apparently did not believe the plaintiff's evidence in this respect. On the other hand, there was ample evidence to support a finding by the jury that the plaintiff, in point of fact, sustained no personal injury of any consequence in the accident and, under these circumstances, there was certainly no abuse of discretion on the part of the trial judge in refusing to set aside the verdict.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.