18431

The STATE, Respondent, v. Willie Ross MILLINGS, Appellant.

(145 S. E. (2d) 423)

*J. Reuben Long, Esq.,* of Conway, *for Appellant,*

*J. M. Long, Jr., Esq., Solicitor,* of Conway, *for Respondent,*

December 6, 1965.

TAYLOR, Chief Justice.

The Appellant was convicted at the June, 1965, Term of the Court of General Sessions for Horry County of the crime of manslaughter and has appealed to this Court from his conviction. The sole question on appeal relates to the cross examination of the Appellant, wherein it was elicited that he had been convicted of auto theft in 1944 and receiving stolen goods in 1946. At the time the testimony was received, Appellant's counsel objected on the ground that it was highly prejudicial and moved for a mistrial. At the close of all the evidence, Appellant moved to strike the testimony on the grounds that the offenses admitted were too remote.

Evidence of prior convictions of crimes involving moral turpitude may be introduced into evidence on the issue of the cerdibility of a witness. When an accused takes the stand in a criminal proceeding, he becomes subject to the same duties and liabilities of witnesses generally. *State v. Gilbert,* 196 S. C. 306, 13 S. E. (2d) 451; *State v. Van Williams,* 212 S. C. 110, 46 S. E. (2d) 665; *State v. Chasteen,* 231 S. C. 141, 97 S. E. (2d) 517. Since the evidence is competent as to the issue of credibility an objection that it is "prejudicial" will not lie. Moreover, an objection couched in terms no more specific than "highly prejudicial" is too general. See *Griswold v. Texas Company,* 163 S. C. 156, 161 S. E. 409.

At the time of the admission of the evidence, the question of remoteness was not presented to the trial Judge and the granting of a motion to strike was addressed to the sound discretion of the Court. *In re Limehouse's Estate,* 198 S. C. 15, 16 S. E. (2d) 1. There has been no showing of abuse of the discretion of the trial Court in ruling that the motion was not timely made.

For the foregoing reasons we are of opinion that the judgment and sentence appealed from should be affirmed; and it is so ordered. Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.