20738

The STATE, Respondent, v. Joe Nathan JONES, Appellant.

(247 S. E. (2d) 43)

*Dale T. Cobb, Jr.*, Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Brian P. Gibbes* and *Sally G. Young,* Columbia, *Solicitor Capers G. Barr, III,* and *Asst. Solicitor Linda Lombard,* Charleston, *for respondent.*

August 9, 1978.

GREGORY, Justice:

Appellant Joe Nathan Jones, also known as Bobby Jones, was convicted of the rape of a ten year old girl and sentenced to forty years imprisonment. Appellant raises two exceptions by which he seeks to have his conviction reversed. We affirm.

Appellant first contends the trial judge erred by allowing the young prosecutrix to testify. At the time of the trial the prosecutrix was eleven years old and appellant argued she was incompetent to testify due to an inability to "understand the ramifications of her testimony." Under the rationale and authority of *State v. Green,* 267 S. C. 599, 230 S. E. (2d) 618 (1976) and cases cited therein, this exception is without merit. The transcript of record amply supports the trial judge's decision to qualify the prosecutrix as a witness.

Appellant next contends the trial judge erred by permitting the solicitor to question appellant for impeachment purposes about his previous convictions in 1966 for housebreaking and grand larceny, and assault with intent to rape. Appellant argues that since the convictions were more than ten years old they were too remote to be of any probative value and cites *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219 (1977) as supportive of his position. In *Hill* a ten year old conviction for tampering with an automobile was determined under the facts of that case to be too remote to possess the requisite probative value for admission, and the trial judge's refusal to permit the use of the conviction to impeach a state's witness was affirmed.

Here, however, appellant was sentenced in 1966 to twenty years imprisonment upon his conviction for assault with intent to rape; was paroled in 1973 after serving seven years of that sentence; and in June 1976, three years after his release from prison, committed the rape for which he was convicted at this trial. Although the 1966 convictions were more than ten years old at the time of this trial in May 1977, only four years had elapsed since appellant's release from the confinement imposed for the 1966 assault with intent to rape conviction. Under these circumstances, the appellant's prior convictions were not too remote to possess the requisite probative value. *Gantt v. Columbia Coca-Cola Bottling Company,* 204 S. C. 374, 29 S. E. (2d) 488 (1944).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.