20989

Mary Ann ADDYMAN, Appellant, v. SPECIALTIES OF GREEN-VILLE, INC., Respondent.

Peter D. ADDYMAN, Appellant, v. SPECIALTIES OF GREEN-VILLE, INC., Respondent.

(257 S. E. (2d) 149)

*Michael Parham* of *Abrams, Bowen, Robertson, Tapp & Parham,* Greenville, *for appellants.*

*G. Dewey Oxner, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

June 19, 1979.

RHODES, Justice:

Appellant, Mary Ann Addyman, commenced this action against the corporate respondent, Specialties of Greenville, Inc., to recover for property damage and personal injuries sustained in an automobile accident.[1] She now appeals from an adverse jury verdict assigning error in the lower court's exclusion of evidence. We reverse.

The appellant alleged that the accident was precipitated by the respondent's employee who, in disregard of a stop sign, pulled onto the highway on which she was traveling. The appellant did not join the driver of the vehicle, Mr. Adamson, respondent's employee, as a party defendant, but sued only the corporate defendant on the theory of negligence.

---

[1] The husband, Peter D. Addyman, also instituted a suit for medical expenses and consortium arising out of the same accident. The two suits have been consolidated and the appellant will be referred to in the singular.

Resolution of this appeal is governed by two evidentiary questions:

I. Should a post-accident statement by respondent's employee on the issue of liability be admitted in evidence against his principal?

II. Should the corporate employee's plea of guilty to a traffic violation issued at the time of the accident be admitted on cross-examination for purposes of impeaching the employee's testimony as a witness?

## I.

During her case in chief, the appellant attempted to introduce testimony by a disinterested witness concerning remarks made to him by respondent's driver shortly following the accident. The witness, Mr. Lamb, operated a wrecker service in very close proximity to the site of the accident and testified that, although he did not view the accident, he heard the crash and immediately drove to the scene. According to Mr. Lamb's proffered testimony, Mr. Adamson approached him approximately four to five minutes after his arrival and made the following statement:

"Q. Mr. Lamb, after you arrived at the scene, after Mr. Adamson came over to you, what, if anything, did he say?

"A. He said, 'It must be too early in the morning,' that he couldn't, you know, something like, 'I'm half asleep and I didn't see her when she came over the hill.' "

The trial court excluded this testimony on the stated ground that it constituted hearsay and did not qualify under any recognized exception to the hearsay rule.

The trial court erred in refusing to admit the statement as a part of *res gestae*. To qualify as a part of *res gestae*, the statement must be:

". . . substantially contemporaneous with the litigated trannsaction, and be the instinctive, spontaneous utterances

of the mind while under the active, immediate influences of the transaction; the circumstances precluding the idea that the utterances are the result of reflection or designed to make false or self-serving declaration." (Citations Omitted).

*State v. Long,* 186 S. C. 439, 195 S. E. 624 (1938).

In resolving substantial contemporaneity, the cases have permitted a slight time lapse between the declarations and the event. In *Eudy v. Atlantic Greyhound Lines,* 183 S. C. 306, 191 S. E. 85 (1937), the admission of a servant's statement against his principal on the theory of *res gestae* was upheld where it was made five minutes after occurrence of the accident. In *Van Boven v. F. W. Woolworth Co.,* 239 S. C. 519, 528, 123 S. E. (2d) 862, 866 (1962), an employee's statement made immediately after escorting an injured customer to her supervisor was held to properly constitute *res gestae* because it was spontaneously made and ". . . tended to unfold the nature and quality of the main or primary fact in showing the reason for respondent's fall."

The lower court relied primarily upon the case of ■ *Marshall v. Thomason,* 241 S. C. 84, 127 S. E. (2d) 177 (1962) as authority for excluding the proffered statement of defendant's employee as to the cause of the accident. In *Marshall,* a driver's post collision remarks to an investigating patrolman were held inadmissible as *res gestae* because the statement, which was made 30 minutes after the accident, lacked the requisite spontaneity necessary to link the remarks to the collision. Unlike *Marshall,* the statement at bar was sufficiently close in point of time and place so as to render it "substantially contemporaneous" with the main event.

The evidence should have been admitted.

## II.

Appellant's remaining exceptions allege error in the trial court's refusal to permit appellant to cross-examine the respondent's driver on his plea of guilty to a charge of failure to yield right of way at the time of the accident. Her primary contention proposes that such evidence should have been admitted for the purpose of impeaching the credibilty of the driver's testimony as a witness.

In appellant's complaint, she alleged as one of the specifications of negligence that respondent's servant had failed to yield right of way to appelant's vehicle. Throughout direct examination, respondent's driver· testified as to his utilization of due care. His testimony was explicit that upon reaching the intersection, he stopped and looked both ways before proceeding to cross. In fact, the respondent's driver at trial attempted to place liability for the accident upon the appellant.

In an endeavor to negative the effects of this testimony, appellant attempted to cross-examine the driver on his plea of guilty to a charge of failure to yield right of way for this identical traffic mishap. The following evidence was offered:

"Q. Adamson, do you recall pleading guilty to failure to yield right of way? On December the 9th, 1976?

"A. December the ninth? Uh—well, I didn't—I may have but it was because I was pressured into it by the Magistrate."

The trial court upheld respondent's objection to this testimony based on § 56-5-6160, S. C. Code of Laws (1976), which provides that "[n]o evidence of conviction of any person for any violation of this chapter [Uniform Act Regulating Traffic on Highways] shall be admissible in any court in any civil action."

Appellant asserts that a proper construction of the statute would not necessarily proscribe evidence of a plea of guilty. In support of her position, we are cited to cases from other

jurisdictions which have adopted this view in construing statutes analagous to § 56-5-6160. These cited cases have allowed a defendant's plea of guilty for a traffic violation to be used as substantive evidence as well as for impeachment in a subsequent litigation arising out of that offense. *Book v. Datema*, 256 Iowa 1330, 131 N. W. (2d) 470 (1964). *Harbor v. Campbell*, 235 Ark. 492, 360 S. W. (2d) 758 (1963).

Appellant's exceptions specify error only in the lower court's refusal to allow introduction of the driver's plea to impeach his earlier testimony and do not contend for its admission as substantive evidence. In our view the literal language of § 56-5-6160 does not bar the use of this evidence to impeach the credibility of a witness, whether or not such witness is a party to the action.

We accordingly hold that the trial judge should have permitted appellant's counsel to cross-examine the respondent's driver on his guilty plea for the limited purpose of impeachment. Clearly, appellant was entitled to show such an act on the rationale that it was inconsistent with his testimony as to how and why the accident happened.

For the foregoing reasons, these cases are reversed and remanded for a new trial.

Reversed and Remanded.

LEWIS, C. J. LITTLEJOHN and GREGORY, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.