21840

The STATE, Respondent, v. James Paul LILLY, Jr., Appellant.
(299 S. E. (2d) 329)

*Robert M. McInnis,* of *Wheless & McInnis,* North Myrtle Beach, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Martha L. McElveen,* Columbia, and *Sol. Jim Dunn,* Conway, *for respondent.*

Jan. 4, 1983.

*Per Curiam:*

Appellant was convicted of possession of marijuana with intent to distribute. He was sentenced to ten years, suspended upon the service of three years imprisonment and three years probation. Appellant alleges the trial court erred in admitting evidence of appellant's prior conviction of possession of marijuana with intent to distribute. We disagree and affirm the lower court judgment.

The trial court allowed the prosecution to question appellant concerning his prior conviction on the ground the crime was one of moral turpitude and, therefore, proper impeaching evidence. Appellant argues that the possession of marijuana with intent to distribute is not a crime of moral turpitude.

"Moral turpitude involves an act of baseness, vileness, or depravity in the social duties which a man owes his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *State v. Harvey,* 275 S. C. 225, 227, 268 S. E. (2d) 587, 588, at fn. 1 (1981). Simple possession of marijuana is not a crime of moral turpitude. *Harvey.* Unlike simple possession, however, possession with intent to distribute involves the duty which a person owes to other people and to society in general. *Cf. Lewis v. State,* 243 Ga. 443, 254 S. E. (2d) 830 (1979).

We hold that possession of marijuana with intent to distribute is a crime of moral turpitude; therefore, the court correctly allowed the prosecution to attempt to impeach appellant with evidence of his earlier conviction for this crime. *Contra. Harvey.*

Appellant's other exception does not require discussion because it does not present a question of precedential value or indicate an error of law in the lower court proceeding. Rule 23, Rules of Practice of the Supreme Court.

We affirm the lower court judgment.