22624

The STATE, Respondent v. Alfred DRAKEFORD, Appellant.
(350 S. E. (2d) 391)

Supreme Court

---

*Asst. Appellate Defender Stephen P. Williams,* of *S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. William L. Ferguson,* York, *for respondent.*

Heard Oct. 6, 1986.

Decided Nov. 3, 1986.

HARWELL, Justice:

Appellant Alfred Drakeford was convicted of murder and sentenced to life imprisonment. We affirm his conviction.

Appellant contends that the trial court erred when it refused to allow defense counsel to impeach the credibility of a state's witness based on a prior conviction for manufacture of marijuana. A prior conviction may be used to impeach a witness' credibility only if the conviction involves a crime of moral turpitude. *State v. Morris,* 289 S. C. 294, 345 S. E. (2d) 477 (1986). Appellant asserts that manufacture of marijuana is a crime of moral turpitude and therefore is admissible for impeachment purposes.

Simple possession of marijuana does not constitute a crime of moral turpitude, *State v. Harvey,* 275 S. C. 225, 268 S. E. (2d) 587 (1980), but possession of marijuana with intent to distribute does, *State v. Lilly,* 278 S. C. 499, 299 S. E. (2d) 329 (1983). We are required for the first time to determine whether or not manufacture of marijuana is a crime involving moral turpitude. We hold that it is.

Possession of a controlled substance with intent to ■ distribute and the manufacture of a controlled substance are both proscribed by the same provision of the applicable code section. S. C. Code Ann. § 44-53-370(a)(1)(1976, as amended). Moral turpitude involves "an act of baseness, vileness, or depravity in the social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between man and man." *State v. Horton*, 271 S. C. 413, 414, 248 S. E. (2d) 263 (1978). *See also, State v. Morris, supra.* We conclude that manufacturing marijuana, like possession of marijuana with intent to distribute, involves the duty which a person owes to other people and to society in general. It is therefore a crime of moral turpitude and the court erred in refusing to allow the state's witness to be impeached based on this conviction.

Appellant contends that, since the trial court erred, ■■ the case should be reversed and remanded for a new trial. We disagree. The state's witness testified concerning the events which occurred prior to the murder. He was not present when the shooting occurred. This witness' testimony was largely corroborated by appellant's own testimony. The only real contradiction is whether appellant came by the witness' house before going to the house where the shooting took place. Where guilt has been conclusively proven by competent evidence, a conviction will not be set aside because of insubstantial errors not affecting the result. *State v. McClellan*, 283 S. C. 389, 323 S. E. (2d) 772 (1984); *State v. Livingston*, 282 S. C. 1, 317 S. E. (2d) 129 (1984). The error was harmless beyond a reasonable doubt.

As to the remaining exceptions, the trial judge's rulings are affirmed pursuant to Rule 23. *See State v. Damon*, 285 S. C. 125, 328 S. E. (2d) 628 (1985); *State v. Tyson*, 283 S. C. 375, 323 S. E. (2d) 770 (1984), *cert. denied*, 471 U.S. 1006, 105 S. Ct. 1873, 85 L. Ed. (2d) 165 (1985).

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.