22646

.Michael ROUSE, Plaintiff-Respondent v. Marvin L. McCRORY, d/b/a Metro Inn and Sizemore International, Inc., Respondents, of whom Sizemore International, Inc., is Petitioner.

(353 S. E. (2d) 130)

Supreme Court

*Charles E. Carpenter, Jr.* of *Richardson, Plowden, Grier & Howser*, Columbia, *for petitioner.*

*George C. Kosko*, Columbia, and *Daphne D. Sipes*, San Antonio, Tex., *for plaintiff-respondent.*

*Charles E. Hill* of *Turner, Padget, Graham & Laney*, Columbia, *for respondents.*

Heard Nov. 17, 1986.

Decided Dec. 29, 1986.

*Per Curiam:*

This is a civil action for assault and battery inflicted upon respondent (Rouse) by a security guard employed by petitioner (Sizemore). The jury returned a verdict for one dollar actual damages. The Court of Appeals reversed and remanded for a new trial. *Rouse v. McCrory*, 286 S. C. 311, 334 S. E. (2d) 517 (Ct. App. 1985).

We granted certiorari to review the issue of whether admission of evidence of certain criminal acts committed by Rouse constituted reversible error. We hold it did not and, accordingly, reverse and reinstate the jury verdict.

On September 11, 1979, between midnight and 1:30 a.m., Rouse broke into a van parked at a Days Inn in Lexington County and stole some equipment. Later, he and a friend drove into the parking lot of McCrory's motel. They got out of the car and were spotted by a security guard employed by Sizemore, who ordered them to stop. Rouse then got into his car and drove toward the guard, who jumped aside and began firing his pistol. One of the bullets grazed Rouse in the back of the head and he lost control of the car, hitting several parked vehicles. He was taken to a hospital where he was served with two separate arrest warrants for breaking

into a motor vehicle and grand larceny in connection with the earlier incident at the Days Inn.

Rouse was indicted on two counts: breaking into a vehicle and grand larceny. Pursuant to plea bargain, the grand larceny count was "nol-prossed." Rouse pleaded guilty to the breaking charge.

The opinion of the Court of Appeals incorrectly states that the warrant for the nol-prossed grand larceny charge was admitted into evidence.[1] The offer of the arrest warrant for grand larceny was withdrawn. The arrest warrant as to the breaking charge, however, was admitted into evidence and published to the jury. The two-count indictment also was admitted into evidence. No attempt was made to delete reference to the nol-prossed count for grand larceny.

Because the holding of the Court of Appeals is based upon an erroneous reading of the record, we make the following *de novo* analysis.

The purpose for which the arrest warrant and indictment were admitted into evidence is not clear. However, under Supreme Court Rule 4, § 8, we may affirm a trial judge's decision upon any ground appearing in the record. *Westbury v. Bauer*, 284 S. C. 385, 326 S. E. (2d) 151 (1985).

As noted above, Rouse testified at trial. A witness's credibility may be impeached with evidence of his conviction for a crime of moral turpitude. *State v. Yates*, 280 S. C. 29, 310 S. E. (2d) 805 (1982). *See also* S. C. Code Ann. § 19-11-60 (1985). Rouse pleaded guilty to breaking into a motor vehicle with intent to steal. This crime is substantially the same as housebreaking. *See and compare* S. C. Code Ann. §§ 16-11-320 and 16-13-160 (1985). We have held housebreaking is a crime of moral turpitude because it exhibits depravity of spirit and a willful neglect of the duties which man owes to man. *State v. Johnson*, 271 S. C. 485, 248 S. E. (2d) 313 (1978).

We hold that breaking into a motor vehicle with intent to steal is a crime of moral turpitude, and that Rouse properly was impeached by evidence of his plea of guilty to this charge.

---

[1] It is possible that the Court of Appeals confused the warrant for grand larceny with count two of the indictment, the nol-prossed grand larceny charge.

The highest and best evidence of a conviction of a crime of moral turpitude is the judgment of the court in which the witness was convicted. *Allen v. State*, 152 Ga. App. 481, 263 S. E. (2d) 259 (1979). Here, the guilty plea operated as the judgment of the convicting court. It was stamped upon the indictment and signed by Rouse. Even though the indictment containing the judgment properly was admissible as impeachment evidence, we find error in the failure to delete reference to the nol-prossed grand larceny count.

The admission of the arrest warrant with its supporting affidavit was also error. Impeachment evidence which goes beyond the fact of conviction gives undue emphasis and, impermissibly, provides details of the crime. *See State v. Williamson*, 584 S. W. (2d) 628 (Mo. Ct. App. 1979). Here, the warrant contained detailed material and was inadmissible.

Under the facts of this case, however, both errors were harmless. On cross-examination Rouse testified, freely and without objection, that he broke into the van at the Days Inn and stole equipment. He elaborated upon the circumstances of this crime in considerable detail. The arrest warrant and nol-prossed portion of the indictment were merely cumulative to this voluntary testimony and Rouse can show no prejudice.

Reversed.