22705

The STATE, Respondent v. Sheila E. BALL, Appellant.

(354 S. E. (2d) 906)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III, of S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford;* and *Solicitor James C. Anders,* Columbia, *for respondent.*

Heard Feb. 9, 1987.

Decided April 13, 1987.

NESS, Chief Justice:

Appellant was convicted of shoplifting. She asserts the trial judge erred in permitting her to be impeached with her prior conviction for possession of cocaine. We agree.

Appellant accompanied Linda Sales to a shopping mall. An eyewitness testified appellant took three pair of bluejeans off a rack, rolled them into a ball, and dropped them into a shopping bag held by Sales. Appellant and Sales went in opposite directions and exited separate doors of the store.

Appellant testified she merely handed the bluejeans to Sales at Sales' request, and had no knowledge of what Sales did with the bluejeans. Over appellant's objections, the State was permitted to impeach appellant's credibility by questioning her regarding her prior conviction for possession of cocaine.

When a defendant testifies in her own behalf, proof of her prior convictions for crimes of moral turpitude is admissible only for purposes of impeachment. *State v. Patrick*, 289 S. C. 301, 345 S. E. (2d) 481 (1986). A crime of moral turpitude is an act of baseness, vileness or depravity in the private and social duties which man owes to his fellow man or to society in general, contrary to the customary and accepted rule of right and duty between man and man. *State v. Morris*, 289 S. C. 294, 345 S. E. (2d) 477 (1986); *State v. LaBarge*, 275 S. C. 168, 268 S. E. (2d) 278 (1980).

This Court has held that simple possession of marijuana is not a crime of moral turpitude. *State v. Harvey*, 275 S. C. 225, 268 S. E. (2d) 587 (1980). However, we have not before been called on to determine whether possession of cocaine or drugs other than marijuana is a crime of moral turpitude.

In determining whether a crime is one involving moral turpitude, the Court focuses primarily on the duty to society and fellow man which is breached by the commission of the crime. *See, e.g., Porter v. State*, 290 S. C. 38, 348 S. E. (2d) 172 (1986) [sale of controlled substances]; *Rouse v. McCrory*, 291 S. C. 218, 353 S. E. (2d) 130 (1986) [breaking into a motor vehicle with intent to steal]; *State v. Drakeford*, 290 S. C. 338, 350 S. E. (2d) 391 (1986) [manufacture of marijuana]; *Merritt v. Grant*, 285 S. C. 150, 328 S. E. (2d) 346 (Ct. App. 1985) [sale of narcotics]; *State v. McFarlane*, 279 S. C. 327, 306 S. E. (2d) 611 (1983) [criminal sexual conduct with a minor (any degree) ]; *State v. Lilly*, 278 S. C. 499, 299 S. E. (2d) 329 (1983) [possession of marijuana with intent to distribute]; *State v. Yates*, 280 S. C. 29, 310 S. E. (2d) 805 (1982) [arson]; *Jamison v. Howard*, 275 S. C. 344, 271 S. E. (2d) 116 (1980) [assault and battery with intent to kill]; *Addyman v. Specialties of Greenville*, 273 S. C. 342, 257 S. E. (2d) 149 (1979) [failure to yield right of way]; *State v. Jones*, 271 S. C. 287, 247 S. E. (2d) 43 (1978) [assault with intent to rape]; *State v. Horton*, 271 S. C. 413, 248 S. E. (2d) 263 (1978) [hit and run]; *State v. Vaughn*, 268 S. C. 119, 232 S. E. (2d) 328 (1977) [housebreaking and grand larceny]; *State v. Millings*, 247 S. C. 52, 145 S. E. (2d) 422 (1965) [auto theft and receiving stolen goods]; *Daniel v. Hazel*, 242 S. C. 443, 131 S. E. (2d) 260 (1963) [conspiracy to obtain property under false pretenses]; *State v. Chasteen*, 231 S. C. 141, 97

S. E. (2d) 517 (1957) [assault with intent to ravish]; *State v. Gregg*, 230 S. C. 222, 95 S. E. (2d) 255 (1956) [accessory to bank robbery]; *State v. Corn*, 215 S. C. 166, 54 S. E. (2d) 559 (1949) [robbery]; *State v. Reggen*, 214 S. C. 370, 52 S. E. (2d) 708 (1949) [larceny]; *Gantt v. Columbia Coca-Cola*, 204 S. C. 374, 29 S. E. (2d) 488 (1944) [tax fraud, possession of illegal whiskey].

On the other hand, crimes which involve primarily self-destructive behavior generally do not involve moral turpitude. *See, e.g., State v. Morris*, 289 S. C. 294, 345 S. E. (2d) 477 (1986) [bookmaking]; *State v. Harvey*, *supra* [simple possession of marijuana]; *State v. LaBarge*, *supra* [public drunkenness, disorderly conduct]; *State v. Carriker*, 269 S. C. 553, 238 S. E. (2d) 678 (1977) [illegal possession of prescription drugs]; *Taylor v. State*, 258 S. C. 369, 188 S. E. (2d) 850 (1972) [possession of an unlawful weapon].

Possession of cocaine, like possession of marijuana, relates more to self-destructive behavior than to the defendant's duty to other people or to society in general. Therefore, we conclude possession of cocaine is not a crime involving moral turpitude. The State should not have been permitted to impeach appellant with her prior conviction for possession of cocaine.

The State asserts the error in this case is harmless because of overwhelming evidence of appellant's guilt.

We disagree. Error is harmless when it could not reasonably have affected the result of the trial. *State v. Mitchell*, 286 S. C. 572, 336 S. E. (2d) 150 (1985).

Here, one witness testified appellant committed the offense of shoplifting.[1] Appellant contradicted this testimony. Credibility of the witness was therefore a critical factor for the jury's determination. Under these facts, improper impeachment could not have been harmless.

Appellant's conviction is reversed and remanded for a new trial.

Reversed and remanded.

---

[1] The State presented testimony of two witnesses; however, the second witness testified to the apprehension of appellant and Sales. He gave no testimony regarding the shoplifting.

FINNEY, J., and Acting Associate Justice BRUCE LITTLE-JOHN concur.

GREGORY, J., dissents in separate opinion.

CHANDLER, J., not participating.

GREGORY, Justice, dissenting:

I disagree with the majority and would hold that possession of cocaine is a crime of moral turpitude. Unlawful possession of cocaine contributes to widespread public harm. One who possesses this controlled substance, even for his own use, fosters the prosperity of the lucrative and destructive industry of illicit cocaine manufacture and trafficking. Cocaine has been proven to be an addictive and potentially fatal drug. Its addictive quality and the expense of maintaining its habitual use often motivate deceptive behavior and involvement in other crimes. In the modern context of society's declared war on drug abuse, I believe this Court should be constrained to label possession of cocaine a crime of moral turpitude. I therefore respectfully dissent.