21811

The STATE, Respondent, v. Willie James MARTIN, Appellant.
(298 S. E. (2d) 87)

*Robert L. Hallman*, Columbia, *for appellant.*

*State Atty., Carolyn M. Adams*, Columbia, *for respondent.*

Nov. 23, 1982.

LEWIS, Chief Justice:

Appellant pled guilty to two counts of distribution of marijuana in violation of Section 44-53-307(a) South Carolina Code of Laws, 1976 and was sentenced to consecutive terms of two years on each count. After his guilty plea, he was granted a hearing and sought to prove under the authority of Section 44-53-460, South Carolina Code of Laws, 1976, that the distribution was an *accommodation* offense only, entitling him to a lesser sentence. The trial judge held that the offense was not committed as an accommodation, and imposed sentence for the offense to which appellant had pled. Appeal is from that ruling and sentence.

Code Section 44-53-460, supra, provides that upon a plea or conviction of any person under Code Section 44-53-370(a) of the distributution of a controlled substance (here marijuana) shall, upon motion, be granted a further hearing "at which evidence may be presented by the person, and by the prosecution if it so desires, relating to the nature of the act on the basis of which the person has been convicted." The Code Section then states:

> If the convicted person establishes by clear and convincing evidence that he delivered or processed with intent to deliver a controlled substance, except ... (exception not here applicable), only as an accommodation to another individual and not with intent to profit thereby nor to induce the recipient or intended recipient of the controlled or counterfeit substance to use or become addicted to or dependent upon the substance, the court shall sentence the person as if he had been convicted of a violation of Section 44-53-370(c), [simple possession of a controlled substance].

This section simply provides that, upon a plea or conviction of distribution of a controlled substance, upon motion, the trial judge shall conduct a hearing as a part of the sentencing procedure to determine if the distribution was done as an accommodation. If the convicted person establishes "clear and convincing evidence" that it was an accommodation distribution, the trial judge shall impose the lesser sentence provided for simple possession of the controlled substance.

The statute does not exonerate appellant upon showing that he distributed marijuana as an accommodation, but only allows such testimony on the question of mitigation of sentence.

The hearing contemplated by the statute is one to determine whether the mitigating circumstance of *accommodation* was involved in the commission of the crime. The State may, but is not required to, introduce testimony. The burden is placed on the convicted person to establish by clear and convincing evidence his claim that he committed the crime as an accommodation. The trial judge then determines whether all of the evidence clearly and convincingly establishes the defendant's right to be sentenced under the lesser penalty because the greater offense was committed only as an accommodation.

Appellant has filed one exception to the proceedings below. In that exception, the sole contention is that the trial judge erred in refusing to sentence appellant in accordance with the punishment provided for an accommodation distribution "because the unrebutted testimony of appellant presented clear and convincing evidence that he delivered a controlled sub-

stance [marijuana] only as an accommodation to another individual and not with intent to profit thereby."

Therefore, the sole issue before us concerns the sufficiency of the evidence to support the factual finding of the trial judge that appellant failed to establish that he distributed marijuana as an accommodation.

Although appellant's counsel attempted to limit the plea to "guilty . . . of an accommodation", this conditional plea was subsequently specifically rejected by the trial judge with the following statement: "I cannot accept the plea. He has to plead guilty. However, under this section, . . ., a further hearing could be presented to the court before sentencing, and the court of its own finding can reduce it to accommodation sale which carries a lesser sentence." Upon further inquiry by the court to determine if the unconditional nature of the plea was understood, counsel replied: "That is the way we understand it." The contention of appellant that the plea was conditional is clearly without merit.

The showing before the trial judge consisted of the plea of guilty by appellant, a brief statement of the circumstances surrounding the incident in question, and the testimony of appellant.

Appellant admits that on two occasions (March 24 and 26, 1981) two men (one of whom he knew) approached him to purchase marijuana. On each occasion, they gave him ten ($10.00) dollars and he delivered to them the marijuana requested. One of the individuals to whom appellant delivered the marijuana was a State Law Enforcement Agent acting in an undercover capacity. Appellant stated that he never sold marijuana before and only took the money and used it to purchase the marijuana from someone else, as an accommodation, without any intent to profit from the sale. There is evidence that appellant has a prior criminal record.

Appellant argues that, since his testimony was the only sworn testimony presented at the hearing to determine the sentence, the trial judge was required to accept it as clear and convincing evidence that he committed the crime as an accommodation. This argument, however, overlooks the duty of the trial judge to determine the credibility of appellant's testimony in the light of his prior criminal record and the circumstances surrounding the commission of the

crime. The trial judge was not required, under these circumstances, to accept appellant's testimony as "clear and convincing evidence".

The statute places the duty upon the trial judge to determine whether the defendant sold marijuana as an accommodation, and his finding on that issue is binding on appeal if there is any evidence to support it.

The record amply sustains the finding of the trial judge that this was not an accommodation sale. The judgment and sentence is accordingly affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.