22519

In the Matter of John W. JENRETTE, Jr.

(342 S. E. (2d) 596)

Supreme Court

Atty. Gen. T. Travis Medlock and Sr. Asst. Atty. Gen. Richard B. Kale, Jr., Columbia, for complainant.

David W. Robinson, II, Columbia, for respondent.

*Joel W. Collins, Jr.,* Columbia, *guardian ad litem.*

Heard Feb. 11, 1986.

Decided March 31, 1986.

*Per Curiam:*

Respondent was temporarily suspended from the practice of law following his conviction in federal court of bribery and conspiracy. The hearing panel and Executive Committee recommended disbarment. We agree disbarment is the appropriate sanction.

The facts which led to respondent's conviction are reported in *United States v. Jenrette,* 744 F. (2d) 817 (D. C. Cir. 1984). The only matter to be determined is the appropriate sanction to be imposed. Rule 6(C), Rule on Disciplinary Procedure.

At the time of his criminal activity, respondent was a United States Congressman from the Sixth Congressional District of South Carolina. He had a distinguished background in civil and public affairs. Respondent asserts that his criminal activity was an isolated, uncharacteristic act which was precipitated by alcoholic dependency and marital problems.

Upon conviction of a serious crime, disbarment is generally the appropriate sanction. *Matter of Holman,* 277 S. C. 293, 286 S. E. (2d) 148 (1982). Respondent argues that the acts which led to his conviction did not arise out of the practice of law, and should therefore be scrutinized in light of the purpose of the disciplinary rule, i.e., to protect the public from the practice of law by persons who are unfit to be entrusted with the duties of an attorney. *Matter of Galloway,* 278 S. C. 615, 300 S. E. (2d) 479 (1983).

We have carefully reviewed the record, the authorities cited by respondent and the mitigating factors asserted. We believe disbarment is appropriate.

Respondent is permanently disbarred from the practice of law in this State. He shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out by the Rule on Disciplinary Procedure.

Disbarred.

HARWELL, J., not participating.