22554

In the Matter of John Henry JACKSON, Respondent.
(344 S. E. (2d) 607)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.* and *Asst. Atty. Gen. Carlisle Roberts, Jr.*, Columbia, *for complainant.*

*John Henry Jackson*, Loris, *pro se.*

Heard April 22, 1986.

Decided May 19, 1986.

*Per Curiam:*

Respondent was temporarily suspended from the practice of law on March 12, 1986. The Panel recommended that respondent be disbarred. The Executive Committee voted unanimously to adopt the Panel's findings of fact and con-

clusions of law. Its independent recommendation was that respondent be disbarred. We agree that disbarment is the appropriate sanction.

The instances of misconduct addressed in this disciplinary matter began in 1972 and continued until respondent was suspended in March 1986. Nine different complaints were filed against the respondent and some of the complaints included more than one act of misconduct. The bulk of these complaints involve respondent's improper handling of his client's money. Respondent also witnessed and notarized a document that was not signed in his presence; wrongfully disbursed proceeds from a real estate sale to creditors of lesser priority; fraudulently represented to an insurance adjuster that one of his domestic clients had retained him in an automobile fire claim and requested that his name be placed on the claim check; neglected legal matters that were entrusted to him; and failed to pay doctor and pharmaceutical bills from the proceeds of settlement checks, even though he withheld money from his clients for this purpose. Four checks, totaling $55,252.78, which respondent wrote on his trust account were returned due to insufficient funds. Additionally, respondent failed to cooperate fully with the Board's investigation. Respondent's misconduct culminated in his signing a Confession of Judgment for $39,750.00 due to misappropriation of funds in a real estate closing. This incident is in addition to those considered by the Panel and the Executive Committee.

After reviewing this matter we find that respondent has engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; has neglected legal matters entrusted to him; has failed to seek the lawful objectives of his clients through reasonably available means; has misappropriated clients' funds for his personal or office use; has failed to maintain complete records of clients' funds and has otherwise failed to account to his clients for their funds; has participated in the fraudulent witnessing and notarization of a signature on a legal document; has failed to cooperate with the Board in its investigation; has engaged in conduct which tends to pollute the administration of justice or to bring the courts or legal profession into disrepute; and has engaged in conduct demonstrating his unfitness to practice

law, all in violation of the Code of Professional Responsibility and the Rule on Disciplinary Procedure. We therefore order that respondent be disbarred from the practice of law in the State of South Carolina.

It is ordered that respondent shall be permanently disbarred from the practice of law in this state. Respondent shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out in the Rule on Disciplinary Procedure.

Disbarred.