22605

William Robert PORTER, Jr., Appellant v.
STATE of South Carolina, Respondent.

(348 S. E. (2d) 172)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey of S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. William A. Ready, III,* Columbia, *for respondent.*

Writ Issued Aug. 20, 1986.

Decided Aug. 25, 1986.

*Per Curiam:*

Petitioner was convicted of distribution of marijuana and sentenced to imprisonment for twenty (20) years. On application for post-conviction relief, the circuit court determined that petitioner had not knowingly and intelligently waived his right to appeal. Post-conviction relief, however, was denied. We agree that petitioner was denied his right to appeal and grant the petition for writ of certiorari to review the direct appeal issue briefed by the parties under the procedure established in *Davis v. State,* 288 S. C. 290, 342 S. E. (2d) 60 (1986).

We affirm.

Petitioner contends the trial judge erred in allowing him to be impeached by his 1981 plea of guilty to the sale of 3,4-methylenedioxy amphetamine (MDA), a controlled substance under S. C. Code Ann. § 44-53-190(d)(1) (1985). He argues that because he was sentenced for an accommodation sale under S. C. Code Ann. § 44-53-460 (1985), this conviction should have been treated as simple possession for impeach-

ment purposes. *See State v. Harvey,* 275 S. C. 225, 268 S. E. (2d) 587 (1980) (simple possession of marijuana is not a crime of moral turpitude and may not be used to impeach a witness).

Section 44-53-460 provides that a person convicted of a distribution offense may establish by clear and convincing evidence that he delivered a controlled substance only as an accommodation to another and without intent to profit or to cause another's addiction. If he meets this burden, he is sentenced as though convicted of simple possession. *See State v. Martin,* 278 S. C. 427, 298 S. E. (2d) 87 (1982).

Evidence of an accommodation sale is considered only in mitigation of sentence and does not affect the nature of the underlying conviction for impeachment purposes. Possession of a controlled substance with intent to distribute is a crime of moral turpitude. *State v. Lilly,* 278 S. C. 499, 299 S. E. (2d) 329 (1983). It follows that petitioner was properly impeached with his conviction for sale of a controlled substance.

Accordingly, the denial of post-conviction relief is affirmed.