22654

In the Matter of McKenzie Allen PERRY, Jr., Respondent.
(352 S. E. (2d) 479)

Supreme Court

*Atty. Gen. T. Travis Medlock, Senior Asst. Atty. Gen. Richard B. Kale, Jr.* and *Asst. Atty. Gen. Carlisle Roberts, Jr.,* Columbia, *for complainant.*

*Arthur G. Howe* and *O. Grady Query,* Charleston, *for respondent.*

Heard Nov. 18, 1986.

Decided Jan. 12, 1987.

*Per Curiam:*

This is an attorney disciplinary matter. The Hearing Panel and the Executive Committee recommended respondent be indefinitely suspended from the practice of law. We have concluded from our review of the record that respondent should be disbarred.

Respondent received his law degree from Emory University in 1972. He moved to Charleston and practiced law with the law firm of Buist, Moore, Smythe & McGee. He served as a faculty member and general counsel for the College of Charleston from 1975-1982. Respondent was asked to resign

in 1982, and he entered the private practice of law in Charleston. In 1985, respondent voluntarily entered an alcohol and drug abuse facility. Shortly thereafter, he consented to a temporary suspension from the practice of law.

Respondent became a habitual user of alcohol and cocaine sometime in 1980. During his period of addiction, respondent engaged in a series of transactions in which he forged clients' signatures and misappropriated client funds.

1. Respondent forged or caused to be forged the signature of his client Deborah M. Reaves on two checks issued to Reaves in settlement of a claim arising out of an automobile accident. He converted these funds ($1,000.00) to his own use.

2. Respondent forged or caused to be forged the signature of his client Thomas Vernon Beaty, Jr. on two checks issued to Beaty in settlement of a claim arising out of an automobile accident. He converted these funds ($2,500.00) to purchase drugs.

3. Respondent filed a personal injury protection claim on behalf of his client Thomas N. Stall against Stall's wishes. Respondent forged or caused to be forged Stall's name on the check for PIP benefits, and converted the funds ($551.00) to his own use.

4. Respondent forged or caused to be forged the signature of his client Betty Mazyck on a check issued to her in settlement of a claim arising out of an automobile accident. He converted these funds ($987.00) to his own use.

5. Respondent forged or caused to be forged the signatures of his clients Mazyck and Edmund Cox on releases of claims and settlement statements. Respondent also witnessed and notarized the forged signatures.

6. Respondent represented Judith Boston Taylor in a divorce action but never billed her for his services. Subsequently he represented her in two real estate transactions but failed to disburse to her $5,552.77 remaining from these transactions. Respondent contends he retained these funds in satisfaction of his fee for his representation of Taylor in her divorce action.

During the period from June, 1982 through January, 1985, respondent's trust accounts reflected a negative balance nineteen times. Twenty checks were returned for insufficient funds.

At the time of the panel hearing, restitution had been made to all clients or was in the process of being made. There was considerable expert testimony that respondent's improper behavior was a direct result of his alcohol and drug addiction. The experts offered their prognosis that respondent could function admirably as an attorney if his drug and alcohol addiction were kept under control.

Indefinite suspension may be the appropriate sanction where substance abuse has caused an attorney to neglect legal matters entrusted to him. *Matter of Rushton*, 286 S. C. 543, 335 S. E. (2d) 238 (1985). However, alcohol or drug dependency cannot excuse conduct which warrants disbarment. *Matter of Jenrette*, 288 S. C. 323, 342 S. E. (2d) 596 (1986). Substance abuse is not a mitigating factor in a disciplinary proceeding; rather, it is simply one of many factors which this Court must consider in determining the appropriate sanction.

Respondent has violated Supreme Court Rule 32, DR 1-102(A)(4) [engaged in conduct involving dishonesy, fraud, deceit or misrepresentation], DR 1-102(A)(5) [engaged in conduct prejudicial to the administration of justice], DR 1-102(A)(6) [engaged in conduct which adversely reflects on his fitness to practice law], DR 7-101(A)(2) [failed to carry out a contract of employment entered into with a client for professional services], DR 7-101(A)(3) [prejudiced or damaged his clients during the course of their professional relationship], DR 9-102(A) [failed to preserve the identity of funds of a client], and DR 9-102(B) [failed to pay his client funds the client is entitled to receive].

We have carefully reviewed the record and conclude that disbarment is the appropriate sanction.

Respondent is permanently disbarred from the practice of law in this State. He shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court. Respondent shall also comply with any other requirements set out by the Rule on Disciplinary Procedure.

Disbarred.