22789

In the Matter of Nicolas Clainos LEMPESIS.
(362 S. E. (2d) 10)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. B. J. Willoughby* and *Deputy Atty. Gen. William K. Moore,* Columbia, *for complainant.*

*O. Grady Query,* Charleston, *for respondent* (Action #1).

*Nicholas Clainos Lempesis,* Myrtle Beach, *pro se* (Action #2)

Heard Oct. 6, 1987.

Decided Nov. 9, 1987.

*Per Curiam:*

This appeal consolidates two attorney disciplinary actions. The Hearing Panel (the Panel) and Executive Committee both recommended respondent be publicly reprimanded on Action #1 and permanently disbarred on Action #2. We agree.

## ACTION #1

A. *The Norrell Matter*

Respondent borrowed $5,000.00 from a client, Mr. Norrell. The loan was unsecured, interest-free, and due before April 19, 1984. Respondent later borrowed an additional $3,000.00 from this client with the same repayment date.

Respondent failed to pay the money back on April 19, 1984. He failed to repay the loans even after receiving $20,500.00 as attorney's fees in an unrelated case on September 17, 1984.

On September 7, 1984, Mr. Norrell's attorney filed suit in the matter, but withdrew as counsel after learning respondent was in an alcohol treatment center. Subsequently, Mr. Norrell hired a second attorney who worked out with respondent a $500.00 per month repayment plan.

Mr. Norrell testified that the loan to respondent was made predominantly from the standpoint of friendship rather than from the standpoint of an attorney-client relationship. Mr. Norrell now considers the entire matter settled to his satisfaction, even though he will forfeit a portion of the repayment as attorney's fees.

B. *The Andrews Matter*

Respondent represented Mrs. Andrews in a Federal Tort Claim case in which she recovered a $100,000.00 jury verdict. Respondent and Mrs. Andrews agreed to a contingency of

twenty-five (25%) percent of any judgment as attorney's fees. The Federal Tort Claims Act limits the amount of attorney's fees to be collected in any such action. 28 U.S.C. § 2678 provides for a maximum $2000 fine and one-year prison term for any attorney whose fee exceeds twenty-five (25%) percent.

The Government appealed the judgment in the Andrews case, and respondent informed Mrs. Andrews that he intended to charge an additional $8,000 fee for the appeal. Respondent testified that he, in good faith, believed that the twenty-five (25%) percent contingent fee limitation of 28 U.S.C. § 2678 applied only to the fee to be charged for the trial of the case and that he considered an additional fee for the handling of the appeal to be legitimate. The Panel found no deception, concealment or deceit in the charging of the total fee, even though it exceeded the statutory limit by some $3,460.

A Fee Dispute Panel considered this matter and ordered what appears to be an appropriate resolution whereby respondent is to repay Mrs. Andrews the sum of $4,000. Respondent has not repaid any money to Mrs. Andrews.

Finally, during the pendency of the appeal to the Fourth Circuit Court of Appeals, respondent told Mrs. Andrews that he would not travel to Richmond, Virginia for oral arguments in the case unless Mrs. Andrews paid him travel costs in advance. He then estimated the costs at $600.00. There is testimony to show that when Mrs. Andrews protested, respondent told her to get the money even if it meant pawning her rings. Mrs. Andrews visited respondent's trial co-counsel after the discussion about the expenses, and co-counsel advanced Mrs. Andrews $110.00 in costs. Co-counsel thinks this sum was delivered to the respondent. Respondent admitted that when he discussed the matter with his co-counsel, respondent stated $200.00 to $300.00 would be sufficient for costs. Respondent also admitted that Mrs. Andrews finally advanced him $285.00 for travel expenses and that this amount was sufficient, even though he had originally told Mrs. Andrews it would take $600.00 to cover expenses.

The Panel found the following professional misconduct in the Norrell and Andrews matters: (1) the respondent had prejudiced and damaged a client, (2) charged and collected

an excessive fee, and (3) engaged in conduct which tended to bring the legal profession into disrepute. The Panel unanimously recommended a public reprimand as the appropriate sanction. The Executive Committee concurred by a 3-to-1 vote.

Based on our review of the record, we agree that a public reprimand is the appropriate sanction for respondent's professional misconduct in Action #1.

## ACTION #2

While our review of the hearings and recommendation in Action #1 was pending, respondent was temporarily suspended from the practice of law by Order of this court based on a second grievance.[1] Action #2 involved the mishandling of monies belonging to the law firm in which respondent was an associate.

This action was set in motion by a letter to the Grievance Committee from the senior partner in respondent's law firm. The ensuing complaint alleged that on several occasions respondent had forged the senior partner's endorsement on checks made out to the firm, cashed the checks, and converted the funds to his own use.

Respondent readily admits:

1. Endorsing a $2,500.00 check from a client and converting the proceeds to his own use, even though respondent was not entitled to them. Further, the proceeds were not properly identified and separately maintained by respondent;

2. Forging the senior partner's signature and cashing a $500.00 client check made payable to the senior partner, even though respondent was not entitled to any portion of the money;

3. Forging the senior partner's signature to a $250.00 client check made payable to the senior partner for "lawyer fees," even though respondent was not entitled to any portion of the money;

4. Endorsing and converting to his own use the $500.00 check of another law firm client. This check was in payment for legal fees due the firm, and respondent was entitled to no portion of those fees;

---

[1] See Matter of Lempesis, 289 S. C. 429, 346 S. E. (2d) 707 (1986).

5. Requesting a client of the law firm to make his $500.00 check for legal services payable to respondent, even though the legal fees belonged to the firm. Respondent then converted the check for his own use;

6. Obtaining and converting a $500.00 check for legal fees from a law firm client, even though he was not entitled to any portion of those fees.

Further, respondent admits that in all six (6) situations above, he acted without permission or knowledge of his employer.

7. Finally, respondent admits suffering from alcohol addiction to the extent that it impairs his judgment and ability to practice law. In fact, a portion of the converted monies funded respondent's drinking binges.

Respondent's defense is that his conduct resulted from his emotional and physical condition and his excessive use of alcohol. We are not persuaded by this argument. The record reflects that respondent was depressed, under emotional pressure, and used alcohol excessively at times. Respondent testified that he was nevertheless fully conscious and aware of his actions.

In *Matter of McKenzie Allen Perry, Jr.*, 291 S. C. 124, 352 S. E. (2d) 479 (1987), we held:

> Indefinite suspension may be the appropriate sanction where substance abuse has caused an attorney to neglect legal matters entrusted to him. *Matter of Rushton*, 286 S. C. 543, 335 S. E. (2d) 238 (1985). However, alcohol or drug dependency cannot excuse conduct which warrants disbarment. *Matter of Jenrette*, 288 S. C. 323, 342 S. E. (2d) 596 (1986). Substance abuse is not a mitigating factor in a disciplinary proceeding; rather it is simply one of many factors which this Court must consider in determining the appropriate sanction.

*Id.* at 126, 352 S. E. (2d) at 480.

Respondent's conduct went far beyond neglect. The misconduct here was not an isolated act, but a series of intentional forgeries and breaches of trust occurring over many months. Alcohol dependency does not excuse respondent's flagrant violations of Supreme Court Rule 32, DR

1-102(A)(4) [conduct involving dishonesty, fraud, deceit, or misrepresentation]; DR 1-102(A)(5) [conduct that is prejudicial to the administration of justice]; DR 1-102(A)(6) [conduct that adversely reflects on his fitness to practice law]; and DR 9-102(A) [failure to maintain the identity of funds of a client].

Both the Panel and the Executive Committee were unanimous in their recommendations of disbarment on Action #2. The ultimate authority to determine the appropriate sanction for attorney misconduct rests solely with this Court. *Matter of Gaines*, 360 S. E. (2d) 313 (S. C. 1987); *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). Based on the serious nature of respondent's ethical violations, we conclude that disbarment is the appropriate sanction.

Respondent is disbarred from the practice of law in this State. He shall, within ten (10) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of this Court and shall comply with any other requirements set out in the Rule on Disciplinary Procedure.

Disbarred.