### 23225

In the Matter of Lester Lee BATES, III, Respondent.

(393 S.E. (2d) 596)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*W. Gaston Fairey*, Columbia, *for respondent.*

*Per Curiam:*

In this attorney grievance matter, respondent has unconditionally admitted that he is guilty of misconduct and requests this Court to impose such discipline as may be appropriate. We accept respondent's unconditional admission and disbar him.

Respondent admits that he pled guilty in the United States District Court for South Carolina to possession of cocaine with intent to distribute and to knowingly and willfully making a false statement to the Federal Bureau of Investigation in violation of 18 U.S.C.A. § 1001 (1976). Possession of cocaine with intent to distribute is a crime of moral turpitude. *Porter v. State,* 290 S.C. 38, 348 S.E. (2d) 172 (1986). The offense of making a false statement involves misrepresentation. Therefore, respondent is guilty of misconduct under DR 1-102(A)(3) and (4), and Paragraph 5(C) of the Rule on Disciplinary Procedure.

In addition, respondent admits that he has co-mingled and misappropriated trust funds being held for clients and used these funds to purchase cocaine. This violation of DR 9-102 and DR 1-102(A)(4) constitutes misconduct. *In re Perry,* 291 S.C. 124, 352 S.E. (2d) 479 (1987); *In re Jackson,* 289 S.C. 35, 344 S.E. (2d) 607 (1986); *In re Glickman,* 271 S.C. 167, 246 S.E. (2d) 174 (1978).

We disbar respondent from the practice of law for his con-

duct. This disbarment shall run from September 8, 1988. Respondent shall file an affidavit with the Clerk, within fifteen (15) days of service of this opinion, showing he has fully complied with the provisions of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.

Submitted April 19, 1990.

Decided June 4, 1990.

Order on rehearing July 12, 1990.

## ORDER

This Court issued an opinion disbarring respondent from the practice of law on June 4, 1990. The disbarment was to run from April 17, 1990. Respondent has filed a petition for rehearing asking this Court to reconsider the date from which his disbarment should run.

We grant the petition for rehearing. The opinion of this Court is amended to make respondent's disbarment run from September 8, 1988.

It is so ordered.