23282

In the Matter of Robert Edwin MOSELEY, Respondent.

(396 S.E. (2d) 830)

Supreme Court

*Attorney Gen. T. Travis Medlock* and *Asst. Atty. Gen., James G. Bogle, Jr.,* Columbia, *for complainant.*

*Grady Query,* Charleston, *for respondent.*

Submitted Sept. 27, 1990.

Decided Oct. 8, 1990.

*Per Curiam:*

In this attorney grievance proceeding, respondent admits that he has committed an ethical violation and consents to disbarment. We accept respondent's admission and disbar him. The facts surrounding the matter are as follows:

Respondent conspired with a client and others to purchase and take possession of 4.4 pounds of cocaine. On July 9, 1990, respondent pled guilty to the charge of trafficking in cocaine in violation of S.C. Code Ann. § 44-53-370(e) (Supp. 1989). He was sentenced to imprisonment for twenty-one (21) years and fined fifty thousand ($50,000.00) dollars. Respondent is currently serving his sentence.

Trafficking in cocaine is a crime of moral turpitude. *Cf. State v. Major,* 301 S.C. 181, 391 S.E. (2d) 235 (1990) (simple possession of cocaine is a crime of moral turpitude); *Porter v. State,* 290 S.C. 38, 348 S.E. (2d) 172 (1986) (possession of cocaine with the intent to distribute is a crime of moral turpitude). Respondent is guilty of engaging in illegal conduct involving moral turpitude in violation of DR 1-102(A)(3) and Paragraph 5(C) of the Rule on Disciplinary Procedure. In our opinion, respondent's conduct warrants disbarment.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. Respondent shall file an affidavit with the Clerk, within fifteen (15) days of service of this opinion, showing he has fully complied with the provision of Paragraph 30 of the Rule on Disciplinary Procedure.

Disbarred.