24127

In the Matter of Vernon E. ABNEY, Respondent.

(447 S.E. (2d) 848)

Supreme Court

*Attorney General T. Travis Medlock, Asst. Atty. Gen. James G. Bogle, Jr., and Deputy Atty. Gen. William K. Moore, Columbia, for complainant.*

*Vernon E. Abney, pro se respondent.*

---

Heard June 4, 1994.

Decided July 18, 1994.

*Per Curiam:*

In this attorney discipline matter, Vernon E. Abney (Abney) is charged with multiple acts of misconduct involving neglect of legal matters entrusted to him, conversion of clients' funds and payments due to third-party medical providers, forgery, and failure to co-operate with the Board of Commissioners on Grievances and Discipline (Board). This Court previously temporarily suspended Abney's license to practice law. We now find disbarment to be the appropriate sanction.

Abney, through his attorney,[1] stipulated to the following acts of misconduct:

1. **The Willis Chiro Med Matter:** Abney represented various individuals in personal injury cases. These clients were referred to Willis Chiro Med for evaluation and treatment with the agreement that Abney would pay for the treatment from funds received from settlement of the personal injury claims. Abney failed to remit the funds owed to Willis Chiro Med and converted the funds to his personal use.

2. **Salters Matter:** Abney represented Mrs. Cupan Salters in a personal injury action. Upon settlement of the case, he received a check. The check was deposited[2] into Abney's account and the funds were converted to his personal use. Although Abney agreed to repay Salters, he had not yet done so.

3. **Arnold Matter:** As in the Willis Chiro Med matter above, Abney referred personal injury clients to Arnold, a chiropractor, with the agreement that Arnold would be paid upon settlement of the cases. Abney failed to pay Arnold and converted the funds to his own use. Abney did remit payment for one client, but the check was returned for insufficient funds. Arnold thereafter obtained an arrest warrant against Abney for uttering a fraudulent check. Also, Abney failed to pay other medical

[1]Abney has since discharged his attorney and is *Pro Se.*
[2]Abney denied forging Salters' signature on the check.

providers, Baptist Medical Center and Pitts Radiological Associates, under similar facts.

4. **Tawwals Matter:** Abney represented Ms. Tawwals in a personal injury case. Upon settlement of the case, he failed to remit payment to medical providers as previously agreed and converted the funds to his own use. Tawwals' credit rating was adversely affected by Abney's failure to pay.

5. **Trust Account:** Bank records show that Abney's escrow balance in his law office trust account ran a negative balance 10 out of the 12 months from October 1990 to September 1991. Abney converted client funds for his personal use during this period.

6. **Failure to Co-operate with the Investigation:** Abney failed to return phone calls and answer subpoenas relating to the investigation of his misconduct by the Board.

7. **Boykin Matter:** Abney represented Mr. Boykin in a personal injury case and agreed to pay Providence Hospital for services rendered to Mr. Boykin from the settlement proceeds. Abney settled the case, but failed to remit the funds to Providence Hospital and converted the funds to his own use.

8. **Refine Matter:** Abney issued a check to Mr. Brooks who cashed the check at Refine's Fine Liquor store. The check was returned for insufficient funds and has not yet been paid. Also, other checks issued by Abney have been returned for insufficient funds and have never been paid.

9. **Curtiss Ross Matter:** Abney represented Curtiss and Tina Ross in a personal injury case. He failed to return phone calls and file the pleadings.

10. **Bevelyn Hicks Matter:** Abney represented Ms. Hicks in a child support matter. Abney failed to serve Ms. Hicks' former husband with notice of the family court hearing and the case was continued. It was subsequently stricken from the docket when Abney failed to have it rescheduled.

11. **Vernice Kelly Favor Matter:** Abney represented Ms. Favor in an adoption case in which Abney was supposed to complete the adoption by Ms. Favor's 27th birthday so that she could enter the Air Force. He failed to do so

and failed to return Ms. Favor's phone calls. Ms. Favor subsequently married and requested that Abney not proceed with the adoption, but have the child placed in her mother's custody. Abney failed to obtain service on the child's father, and the case was stricken from the docket.

12. **Lisa D. Alston Matter:** Ms. Alston retained Abney to represent her in a divorce action. Abney failed to return her phone calls or file any pleadings. Moreover, he refused to refund her retainer or relinquish her case file.

13. **Arthur Ritter Matter:** Mr. Ritter retained Abney to have a house deeded to his wife and her son. Ritter never heard from Abney after paying an additional retainer. Abney also failed to return his phone calls.

The foregoing stipulations were entered into the record at the Board's Panel hearing. Additionally, witnesses were called to testify and arguments were heard. Abney was not present at the hearing.[3]

The Panel found that Abney was guilty of professional misconduct in the above matters and recommended disbarment. It noted that Abney's misconduct stems from alcohol and cocaine abuse, and urged him to continue with his treatment. The Executive Committee, agreeing with the findings of the Panel, recommends disbarment.

It is well established that this Court has the sole authority to discipline attorneys and to determine the appropriate sanction. *Matter of Solomon*, 307 S.C. 1, 413 S.E. (2d) 808 (1992). Addiction to alcohol or drugs will not excuse conduct on the part of the attorney warranting disbarment. *In the Matter of McKenzie Allen Perry, Jr.*, 291 S.C. 124, 352 S.E. (2d) 479 (1991); *In the Matter of Lempesis*, 293 S.C. 510, 362 S.E. (2d) 10 (1987).

We agree with the Board that Abney is guilty of the following professional misconduct and conclude that disbarment is the appropriate sanction:

1. He has engaged in conduct involving fraud, dishonesty, deceit and misrepresentation;

---

[3]Abney petitions that this matter be remanded to the Board for another hearing, contending that his attorney failed to give him notice of the hearing before the Panel. We agree with the Board that Abney was given adequate notice of the hearing.

2. He has committed criminal acts which adversely reflect on his honesty, trustworthiness or fitness to practice law;
3. He has damaged or prejudiced clients in his representation of them by virtue of his neglect of matters entrusted to him;
4. He has engaged in conduct which brings the legal profession into disrepute;
5. He has failed to notify third parties and clients that he had received funds in which the client and third parties had an interest;
6. He failed to deliver to clients and third parties funds in which the clients and third parties had an ownership interest;
7. He failed to act with reasonable diligence in the representation of various clients;
8. He failed to keep clients informed and failed to comply with requests for information from said clients;
9. He failed to cooperate with an investigation by the Board of Commissioners on Grievances and Disciplines; and
10. He failed to safekeep money or property of clients or third persons and in fact converted monies belonging to clients or third parties to his own personal use.

Abney is disbarred from the practice of law in this state as of March 18, 1992, the date on which he was temporarily suspended. He shall, within fifteen (15) days of the date of service upon him of this opinion, surrender his license to practice law to the Clerk of Court and shall comply with all other requirements set forth in the Rules of Disciplinary Procedure.

Disbarred.