24451

In the Matter of O. Allen ALEXANDER, Respondent.

(472 S.E. (2d) 616)

Supreme Court

*O. Allen Alexander,* Columbia, *pro se.*

*Attorney General Charles Molony Condon* and *Senior Assistant Attorney General Charles H. Richardson, for complainant.*

Heard May 21, 1996.

Decided June 17, 1996.

*Per Curiam:*

In this attorney discipline matter, respondent admitted misconduct. After a hearing, the panel recommended imposition of a definite suspension to run concurrent with the time respondent was on disability inactive status. The Executive Committee of the Board of Commissioners on Grievances and Discipline adopted the hearing panel's findings of fact and conclusions of law, but disagreed with the recommended sanction. In a separate report, the Board, by a vote of 8 to 0, recommended a private reprimand. We agree with the hearing panel that a definite suspension to run concurrent with the time respondent was on disability inactive status is the appropriate sanction.

## FACTS

In 1990, respondent was charged with various ethical violations. The Court accepted respondent's conditional admission and he received a public reprimand. *In re Alexander*, 301 S.C. 212, 391 S.E. (2d) 254 (1990).

On July 1, 1991, respondent petitioned the Court to be placed on disability inactive status due to the fact that he was suffering from moderate to severe depression. At that time, the investigation into the charges which are the subject of this opinion had already begun. By order dated August 16, 1991, the petition was granted and respondent was transferred to disability inactive status until further order of the Court. *In re Alexander*, 305 S.C. 187, 407 S.E. (2d) 907 (1991).

On September 6, 1994, pursuant to a petition for reinstatement, the Committee on Character and Fitness recommended that respondent be reinstated to the active practice of law. By order dated October 6, 1994, this Court reinstated respondent to active status under certain conditions, including attending Continuing Legal Education courses and continuing psychiatric care for a year after reinstatement. On February 7, 1995, the Attorney General's office filed a complaint charging respondent with misconduct in the following matters, all of which occurred prior to respondent's transfer to disability inactive status.

## SMITH MATTER (REAL ESTATE)

Respondent was retained by Donna Jean Smith to correct errors in a deed. Respondent filed a lis pendens on January 4, 1991. Respondent also drafted a summons and complaint, but failed to serve or file the documents. He continued to lead Smith to believe that he was pursuing the matter. After getting no response from respondent and after respondent was placed on disability inactive status, Smith contacted Eldridge Inman, Esquire, the attorney appointed by this Court, pursuant to Paragraph 33 of Rule 413, SCACR, to protect the interests of respondent's clients. Inman initiated litigation on behalf of Smith with regard to the deed in July 1992 and the matters of the property error were eventually resolved.

## SMITH MATTER (AUTOMOBILE LITIGATION)

Smith also retained respondent to represent her in a law-

suit concerning an automobile purchased by her brother. Smith was a co-signor on the automobile note and listed as the purchaser of record. Payments were not timely made and the seller brought an action against Smith to collect on the outstanding indebtedness. After respondent failed to serve and file responsive pleadings, a default judgment was entered against Smith on November 9, 1990. Respondent threatened litigation in 1991 to set aside the judgment, but never served or filed pleadings initiating litigation on Smith's behalf.

Smith admitted at the panel hearing that as a co-signor of the automobile note she was personally responsible for paying the note. Therefore, even though a default judgment was entered against Smith due in part to respondent's inaction, she effectively admitted that judgment would have been entered against her in any event.

When the Board of Commissioners on Grievances and Discipline wrote to respondent regarding the Smith matters, respondent failed to respond.

### PEOPLE FEDERAL SAVINGS AND LOAN ASSOCIATION MATTER

Peoples Federal Savings and Loan Association (the Bank) initiated an action pursuant to a summons and complaint filed March 23, 1990, for the foreclosure of a personal residence owned by respondent and his wife. Respondent intentionally signed his wife's name to an acceptance of service dated March 27, 1990, although she was unaware of the foreclosure action at that time.

Respondent tendered to the Bank a check dated June 19, 1990, drawn on his trust account, in an attempt to forestall the foreclosure on the house. The check was returned to respondent because there were insufficient funds in the account to cover the payment. On the same day, respondent exchanged the insufficient check for a certified check "drawn ostensibly on his own funds and not on his trust account."

The Bank proceeded with the foreclosure sale. The Bank was not monetarily injured in the foreclosure matter other than the time and trouble of having to deal with respondent's inaction and misleading actions relating to the signing of his wife's name on the acceptance of service.

## TRUST ACCOUNT

An investigation into respondent's trust account revealed that between October 1990 and March 1991, there was often a negative balance in the account resulting in charge backs and overdraft fees. Many of the checks written on the account were made payable to "cash," with respondent's initials on the check stub, or were made payable to respondent. There were other checks during that period made payable to respondent's secretary, and one check to the Fraternal Order of Police. There were some client funds deposited into the account in the form of insurance company checks and funds from clients; however, many deposits were from either a personal or business account in respondent's name or were checks from respondent's mother.

Respondent admitted that he basically used his trust account as a checking account. However, his mother often provided "gifts" or "loans" of money which he would place into the trust account to cover the checks he wrote. Accordingly, no clients were injured as a result of respondent's mismanagement of these funds.

Respondent once again failed to cooperate with the investigation conducted by the attorney general's office into this matter by not responding in a timely manner to numerous inquiries from the investigator.

## DISCUSSION

Respondent had engaged in misconduct in violation of the Rules of Professional Conduct, Rule 407, SCACR, and the Rules on Disciplinary Procedure, Rule 413, SCACR. Specifically, respondent violated the Rules of Professional Conduct by failing to diligently and competently represent the interests of his client (Rules 1.1 and 1.3); by failing to preserve the identity of client funds (Rule 1.15); by failing to cooperate with investigations of the Board (Rule 8.1); and by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation (Rule 8.4). Respondent has violated the Rules on Disciplinary Procedure by engaging in conduct which brings the legal profession or courts into disrepute, demonstrating a lack of professional competence in the practice of law, and engaging in conduct in violation of the Rules on Trust Accounts of Attorneys.

In mitigation, respondent has presented evidence that these violations occurred while he was suffering from major depression, and that since that time, he has received treatment. However, he testified that he was nevertheless fully conscious and aware of his actions. *See In re Lempesis*, 298 S.C. 510, 362 S.E. (2d) 10 (1987).

Although the recommendations of the hearing panel and the Board are persuasive, the ultimate authority to discipline attorneys and the manner of discipline rests with this Court. *In the Matter of Dobson*, 310 S.C. 422, 427 S.E. (2d) 166 (1993). We find that respondent has committed serious acts of misconduct which warrant more than a private reprimand. It is therefore ordered that respondent shall be suspended from the practice of law for two (2) years, to run concurrent with the period of time that he was on disability inactive status. Respondent shall also make restitution to Donna Jean Smith in the amount of $300.00 for the $250.00 fee she paid him to represent her and the $50.00 fee she had to pay another attorney to follow up on the matter. Because his suspension is to run concurrent with the time he was on disability inactive status, respondent will not be required to file an affidavit with the Clerk of Court showing compliance with Paragraph 80 of Rule 418, SCACR.

Definite suspension.