561 S.E.2d 631

**The STATE, Respondent,**

v.

**Roger Dale COBB, Appellant.**

**No. 3460.**

Court of Appeals of South Carolina.

Heard Feb. 4, 2002.
Decided March 11, 2002.
Rehearing Denied April 18, 2002.
Certiorari Granted Aug. 7, 2002.

Assistant Appellate Defender Robert M. Dudek and Assistant Appellate Defender Eleanor Duffy Cleary, both of SC Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy, Attorney General John W. McIntosh, Assistant Deputy, Attorney General Charles H. Richardson, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for respondent.

GOOLSBY, Judge:

Roger Dale Cobb appeals his sentence for distribution of marijuana, arguing the trial judge erred in failing to sentence him pursuant to S.C.Code Ann. section 44-53-460 (2002). We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

The victim, a sixteen year old minor, testified that Cobb drove her and a girlfriend, also a minor, to his home in August of 1998. At the victim's request, Cobb permitted her to take marijuana from a black tin can on his coffee table. The victim smoked approximately three marijuana cigarettes. Cobb gave both girls wine.

During the course of the evening, the girls took off their clothes and had sex with each other. Cobb photographed the nude girls performing a sexual act.

The next day, police took the victim into custody because she was a runaway. The victim recounted the events of the preceding night to officers, who obtained a warrant to search Cobb's home. Police found the black tin can, almost four ounces of marijuana, and the photos of the nude girls.

A jury found Cobb guilty of possession of marijuana with intent to distribute, distribution of marijuana, and the sexual exploitation of a minor. The judge sentenced Cobb to twenty years imprisonment on the distribution conviction, one year on the possession with intent to distribute conviction, and five years on the sexual exploitation conviction.

## DISCUSSION

Cobb's sole argument on appeal is that the trial court should have considered the distribution as an accommodation sale and mitigated his sentence accordingly. S.C.Code Ann. section 44–53–460 permits a person convicted of a distribution charge to be sentenced as though convicted of simple possession when he or she presents clear and convincing evidence that the controlled substance was delivered as an accommodation to another and without the intent to profit therefrom or cause addiction.[1]

A reviewing court must affirm the trial judge's finding regarding an accommodation sale if there is any evidence in the record to support it.[2] The State argued below and argues on appeal that the distribution did not amount to an accommodation sale because there is evidence Cobb obtained something in return, *i.e.*, gratification of his prurient interest.

Cobb benefitted from his furnishing of the marijuana to the victim because he watched the girls undress and engage in a sexual act. Cobb also used the opportunity to take nude pictures of the girls. We find this evidence supports the trial judge's finding that the distribution was not merely an accommodation sale.[3]

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

---

1. S.C.Code Ann. § 44–53–460 (2002); *Porter v. State,* 290 S.C. 38, 348 S.E.2d 172 (1986).

2. *State v. Martin,* 278 S.C. 427, 298 S.E.2d 87 (1982).

3. *Cf. Iowa v. McDaniel,* 265 N.W.2d 917 (Iowa 1978) (holding defendant's delivery of drugs in exchange for sex is an accommodation sale under that state's statute). The *McDaniel* court concluded:

We do not believe the legislature intended the furnishing of drugs to a paramour to be legally equivalent to selling them for profit or to induce addiction. Instead, this case presents a plain situation of accommodation. The fact the jury could find defendant and Edington were involved in an exchange of favors is insufficient to permit a finding that the drug deliveries were something more than furnishing, "as a favor to the recipient, something the recipient desires."
*Id.* at 924–25 (citation omitted).