In the Matter of an ANONYMOUS MEMBER OF the SOUTH CAROLINA BAR, Respondent.

(360 S. E. (2d) 322)

Supreme Court

Sept 2, 1987.

## ORDER

## PRIVATE REPRIMAND

*Per Curiam:*

The respondent, a member of the South Carolina Bar, has conditionally admitted the allegations of misconduct contained in the complaint against him, and consents to a private reprimand. We accept the conditional admission.

Respondent admits that he has been a user of marijuana and that his use and possession of marijuana was in violation of the laws of this State. We privately reprimand the respondent for this misconduct.

While it is not a crime of moral turpitude under DR 1-102(A)(3), Supreme Court Rule 32[1], the possession of marijuana by a member of the Bar "necessarily reflects adversely upon the legal profession in the public view and on . . . [the attorney's] fitness to practice law." *In re Higgins,* 105 A. D. (2d) 462, 480 N. Y. S. (2d) 257, 258 (1984). This kind of misconduct violates DR 1-102(A)(6), Supreme Court Rule 32, because it shows an unfitness to practice law. Additionally, because it has a tendency to bring the legal profession into disrepute, it violates section 5D of the Rule on Disciplinary Procedure.

In publishing this opinion we caution all members of the Bar against the illegal possession or use of marijuana.

Private reprimand.

---

[1] *See State v. Drakeford,* 290 S. C. 338, 350 S. E. (2d) 391 (1986) [simple possession of marijuana is not a crime of moral turpitude].