22832

The STATE, Respondent v. Ramon P. PERRY, Appellant.
(364 S. E. (2d) 201)

Supreme Court

*Asst. Appellate Defender Joseph L. Savitz, III*, Columbia, *for appellant.*

*Atty. Gen., T. Travis Medlock, Asst. Attys. Gen., Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, and *Sol. James C. Anders*, Columbia, *for respondent.*

Submitted June 11, 1987.

Decided Jan. 25, 1988.

*Per Curiam:*

Appellant was convicted of armed robbery and sentenced to twenty years imprisonment. We affirm.

Appellant argues the trial judge erroneously allowed ██ his impeachment with a prior conviction for malicious destruction of personal property. A prior conviction may be used to impeach a witness's credibility only if the conviction involves a crime of moral turpitude. *State v. Drakeford,* 290 S. C. 338, 350 S. E. (2d) 391 (1986). A crime involving moral turpitude is an act of baseness, vileness, or depravity in the private and social duties which man owes to his fellow man or to society in general, contrary to the customary and accepted rule of right and duty between man and man. *State v. Ball,* 292 S. C. 71, 354 S. E. (2d) 906 (1987); *State v. Morris,* 289 S. C. 294, 345 S. E. (2d) 477 (1986).

Malicious destruction of personal property involves ██ the wilful, unlawful, and malicious destruction of the personal property of another. S. C. Code Ann. § 16-11-510 (1985). We hold it is a crime of moral turpitude. *See State v. Yates,* 280 S. C. 29, 310 S. E. (2d) 805 (1982) (arson is a crime of moral turpitude). The trial judge properly allowed appellant's impeachment with this prior conviction.

Appellant's remaining exceptions are without merit and are disposed of pursuant to Supreme Court Rule 23. Accordingly, the judgment of the Circuit Court is

Affirmed.